Abraham N. (teller, J.
Plaintiff husband has sued defendant wife .to impress a trust with respect to approximately $30,000 held in certain savings accounts. As a result, these moneys have been tied up pending disposition of this action.
*835 Defendant has. denied the allegations of the complaint and interposed counterclaims for support and for an order of protection. She has expressly stated that she does not seek a decree of divorce or of separation or any change in marital status, even though the parties are living separate and apart.
The Family Court is given exclusive original jurisdiction over support proceedings (Family Ct. Act, § 411) and that court may determine the fair and reasonable sum, having due regard to the circumstances of the respective parties, that a husband shall be required to pay for the support of his wife. An order of protection may be issued by the Family Court pursuant to section 842 of the Family Court Act.
Defendant wife has now moved this court for temporary support and counsel fee until the trial of the action, and for an order of protection.
The first question is one of jurisdiction, whether this court may entertain the instant motion. Prior to the 1962 amendment to the Constitution, it was well settled that the Supreme Court lacked jurisdiction to order support except as an incident to a proper matrimonial action (see, e.g., Langerman v. Langerman, 303 N. Y. 465). However, the new amendment provided ‘ ‘ If the legislature shall create new classes of actions and proceedings, the supreme court shall have jurisdiction over such classes of actions and proceedings ”, even though the Legislature confer other courts with jurisdiction over these same actions and proceedings (N. Y. Const., art. VI, § 7, subd. c.). The Court of Appeals has construed this provision broadly as increasing the jurisdiction of the Supreme Court even as to “ classes of actions and proceedings ’ ’ recognized at the time of adoption of the amendment, as well as to those subsequently adopted (Kagen v. Kagen, 21 N Y 2d 532; Matter of Seitz v. Drogheo, 21 N Y 2d 181). Even though the Legislature has conferred “ exclusive ” jurisdiction in a certain court with respect to a class of action or proceeding unknown at common law, jurisdiction to entertain it automatically vests in the Supreme Court (Kagen, supra; Matter of Seitz, supra; Thrasher v. United States Liab. Ins. Co., 19 N Y 2d 159, 166).
But, as explicitly pointed out in Kagen (supra, p. 538), when a plaintiff chooses to bring a proceeding within the jurisdiction of the Family Court before the Supreme Court, that court, under the transfer provision in New York Constitution (art. VI, § 19, subd. a) “ must exercise, its discretion as to whether it would be appropriate to transfer a particular matter to a court of concurrent jurisdiction, possessing unique, specialized capabilities and *836 expertise. In many eases, obviously, this would be the better practice.”
With regard to temporary support, the relevant facts as to the respective earnings and needs of the parties are set forth. That amount is fixed at $20 per week, commencing as of June 24,1968. If plaintiff agrees to defendant’s suggestion, provision may be made in the order hereon to provide for withdrawal of such weekly sums from the bank account.
The question of counsel fee, both as to right of recovery and amount, is reserved for the trial court.
With regard to order of protection, no evidentiary showing has been made to warrant such relief and, in any event, that type of relief is best left in the view of this court to .the investigatory methods and expertise of the Family Court. The application therefore is denied, without prejudice to proper application to the Family Court.
Defendant in her replying papers requests a trial preference. This, of course, is what both parties must desire, since their life savings are being tied up until the trial. Accordingly, the action is granted a special preference pursuant to CPLR 3403 in the interests of justice, plaintiff to serve and file note of issue and deliver same, together with a certified copy of the order hereon to the clerk, so that the action can be placed on the calendar for September 10, 1968.