Bernice Riemer, Respondent-Appellant, v. David Riemer, Appellant-Respondent. (Action No. 1.) (And Three Additional Actions.)

Second Department, April 14, 1969.

---

*Harold L. Fisher (Robert B. Brady* and *Andrew S. Fisher* of counsel), for appellant-respondent.

*Schur, Handler & Jaffin (Jerome Handler* and *Herbert Feiler* of counsel), for respondent-appellant.

*Per Curiam.* The four actions before us, which were consolidated, originally were: Action No. 1: to declare void a separation agreement between plaintiff and defendant David Riemer (hereinafter referred to as the defendant) and for a separation; Action No. 2: to declare that the plaintiff is the defendant's wife and that a divorce decree which he procured against her in Nevada is invalid; Action No. 3; to declare that the marriage between the defendant and the codefendant is void; and Action No. 4: to recover for money expended by the plaintiff for maintenance and repairs of the home which is owned by the plaintiff and the defendant. The plaintiff has succeeded in procuring a judgment herein, after a contested trial, in her favor generally. The several appeals are as follows:

1. (a) The defendant appeals from so much of the judgment, which is dated March 14, 1967, as declared the Nevada divorce decree void; declared the plaintiff to be his wife and annulled the marriage between him and the codefendant; directed him to make weekly payments to the plaintiff for the support of their three children, in respective amounts of $75, $50 and $40; granted the plaintiff a recovery of $3,500 in Action No. 4; and directed him to pay the plaintiff $6,500 for counsel fees and expenses in Actions Nos. 1 and 2; and (b) the plaintiff appeals from so much of the judgment as dismissed the complaint in Action No. 1 and as, with respect to Action No. 4, did not grant her a recovery of the full amount of $5,000 she had sought and did not grant interest to her;

2. The defendant further appeals from an order dated December 1, 1967 which denied his motion to resettle the judgment;

3. The plaintiff further appeals from an order dated January 23, 1968 which denied her cross motion for counsel fees and expenses in opposing the motion to resettle the judgment;

4. The defendant also appeals from (a) two orders, dated September 20, 1967 and December 6, 1967, respectively, each of which granted a respective motion by the plaintiff for entry of a money judgment for arrears of support payments under the judgment, the latter order also awarding the plaintiff $200 for a counsel fee and expenses on the motion which resulted in that order, and (b) two additional judgments, dated September 22, 1967 and December 15, 1967, respectively, and made pursuant to the orders dated September 20, 1967 and December 6, 1967; and

5. (a) The defendant also appeals from so much of an order dated October 25, 1967 as, upon granting his motion to reargue the motion which resulted in the order dated September 20, 1967, adhered to the original decision; and (b) the plaintiff also appeals from so much of the October 25, 1967 order as denied her cross motion for counsel fees and expenses in opposing the motion for reargument.

The trial court concluded that the separation agreement was adequate; fraud had not been established; and, therefore, the unimpeached agreement barred the separation action*. Nevertheless, it awarded child support as "justice requires" (see *Moat* v. *Moat*, 27 A D 2d 895; *Kulok* v. *Kulok*, 20 A D 2d 568; *Brock* v. *Brock*, 4 A D 2d 747).

In our opinion, the defendant's failure or refusal to disclose his financial circumstances when the agreement was executed is not sufficient to void the agreement, which is fair on its face, especially in view of the fact that the parties were aided by their respective counsel throughout the negotiations. In the cases relied upon by the plaintiff, which are not applicable here, the courts found overreaching or financial misrepresentations (*Brock* v. *Brock, supra*; *Ducas* v. *Guggenheimer*, 90 Misc. 191, affd. 173 App. Div. 884; *Friedman* v. *Friedman*, 114 N. Y. S. 2d 874). Furthermore, in the absence of allegations that a plaintiff wife is about to become a public charge (*DeRobertis* v.

---

* Article 11 of the agreement expressly contemplated a suit for a separation and provided that the terms of the agreement shall "be merged therein". Consequently, it would appear that, if the plaintiff established grounds for a separation (and we do not pass on that question), the otherwise valid agreement is not a bar to the separation action (see *Schmelzel* v. *Schmelzel*, 287 N. Y. 21). Inexplicably, the plaintiff did not rely upon article 11 in the court below and does not raise the point on this appeal. Hence, we decline to adjudicate the issue on that ground.

*DeRobertis,* 261 App. Div. 476, mot. for lv. to app. den. 286 N. Y. 733; cf. *Brooklyn Trust Co.* v. *Lester,* 239 App. Div. 422), the subsequent affluence of the husband is not relevant in determining their agreement's adequacy *ab initio* (see *Satenstein* v. *Satenstein,* 42 Misc 2d 398, affd. 20 A D 2d 700; *Crowell* v. *Crowell,* 135 Misc. 530, affd. 229 App. Div. 771; *Cain* v. *Cain,* 188 App. Div. 780). As long as the agreement is adequate the wife is not entitled to more than the pre-separation standard of living (*Tirrell* v. *Tirrell,* 232 N. Y. 224, 229–230; *Hunter* v. *Hunter,* 10 A D 2d 291, 295). Nevertheless, the court is not bound by the provisions in the agreement for child support and may make such award as '' justice requires ''.

However, under the circumstances herein the awards for child support in the March 14, 1967 judgment must be modified, on the law and the facts, so as to give effect to the intention of the parties with respect to such support, as expressed in the agreement, by reducing the amounts awarded to $45 for Sandra, $40 for Kevin and $35 for Robert (*Olmstead* v. *Olmstead,* 24 A D 2d 605, affd. 18 N Y 2d 652). Consequently, the determinations as to the arrears must be modified accordingly, on the law and the facts. Specifically, the order dated October 25, 1967 should be modified so as to reduce the amount fixed in the order dated September 20, 1967 from $3,135 to $2,280; the judgment dated September 22, 1967 should accordingly be reduced to $2,280; the appeal from the order of September 20, 1967 should be dismissed as academic, since that order was superseded by the order of October 25, 1967; the order dated December 6, 1967 should be modified so as to reduce the amount fixed therein for support arrears from $3,965 to $2,795, and accordingly to reduce the total amount set forth therein, from $4,165 to $2,995; and the judgment dated December 15, 1967 should be reduced accordingly from $4,165 to $2,995.

As to the plaintiff's appeal from the portion of the October 25, 1967 order which denied her cross motion for a counsel fee and expenses in opposing the defendant's motion which resulted in that order, we should not disturb that determination. In our opinion, Special Term did not abuse its discretion in denying the cross motion. In enforcement proceedings Special Term should consider all the factors in determining whether a counsel fee is warranted, including prior awards, and '' may in its discretion '' award said fee (Domestic Relations Law, § 238; *Fabrikant* v. *Fabrikant,* 19 N Y 2d 154).

We return to the appeal from the March 14, 1967 judgment in order to deal with the issue of the award of $6,500 to the plaintiff for counsel fees and expenses in Actions Nos. 1 and 2.

The defendant argues that the Supreme Court does not have authority to award such fees except as incidental to a matrimonial action (see Domestic Relations Law, §§ 237, 238). It is settled that an action to set aside a separation agreement is not a matrimonial action wherein the Supreme Court is authorized to award counsel fees (*Johnson* v. *Johnson*, 206 N. Y. 561; see CPLR 105, subd. [m]). Moreover, a valid and subsisting separation agreement is a bar to an application for counsel fees (*Marans* v. *Marans*, 27 A D 2d 735; *Kulok* v. *Kulok*, 20 A D 2d 568, *supra*; *Seltzer* v. *Seltzer*, 16 A D 2d 836; *Brock* v. *Brock*, 1 A D 2d 973; *McAvoy* v. *McAvoy*, 272 App. Div. 1100). While the plaintiff requested other relief in Action No. 1 (custody of the children), that issue was not litigated, and unless she can otherwise establish a ground for the award of a counsel fee in Action No. 1, the claim therefor in that action must fall (see *Caldwell* v. *Caldwell*, 298 N. Y. 146, 152; *Langerman* v. *Langerman*, 303 N. Y. 465).

In our opinion, the request for child support is a predicate upon which the Supreme Court can award counsel fees. While actions for child support were unknown at common law (*Langerman* v. *Langerman, supra*), the Court of Appeals has recently interpreted the 1962 amendments to the State Constitution as conferring concurrent jurisdiction in the Supreme Court where " exclusive jurisdiction " was vested in the Family Court, provided that the cause of action is within the " new classes of actions and proceedings " created by the Legislature (N. Y. Const., art. VI, § 7, subds. a, c; see *Kagen* v. *Kagen*, 21 N Y 2d 532; *Matter of Seitz* v. *Drogheo*, 21 N Y 2d 181). In *Kagen* the court held that the Supreme Court has jurisdiction over actions statutorily recognized before and after 1962, which were unknown at common law, although the Legislature conferred such jurisdiction in the first instance in specialized courts (see, also, *Healy* v. *Dollar Sav. Bank*, 57 Misc 2d 834). Accordingly we agree with the view expressed by Mr. Justice MEYER in *Di Russo* v. *Di Russo* (55 Misc 2d 839, 851), wherein he said: " there now exists authority in the Supreme Court to award support, separate and apart from any [matrimonial] action * * * since that authority is vested in the Family Court by sections 412 and 442 of the Family Court Act, and to award counsel fee in connection with the support determination since that authority is vested in the Family Court under section 438 of the Family Court Act."

Therefore, as a matter of law, an award of a counsel fee in the support action was proper; and, in our opinion, the total amount awarded in Actions Nos. 1 and 2 is not excessive.

There remain for review the determinations on the defendant's motion to resettle the March 14, 1967 judgment and the plaintiff's cross motion for a counsel fee and expenses in opposing this motion for resettlement. The motion for resettlement was made after the plaintiff had obtained the first order fixing arrears, the one dated September 20, 1967, and the ground upon which it was made was that the amount provided for support in the separation agreement was allocable. Special Term properly denied the motion, by the December 1, 1967 order, since, in actuality, the motion was to amend the judgment in accordance with the defendant's interpretation of the agreement. The trial court does not have revisory or appellate jurisdiction to correct errors in a judgment when to do so would affect a substantial right of a party (*Herpe* v. *Herpe,* 225 N. Y. 323). The proper procedure is to move to set aside the judgment or to appeal from the judgment. In any event, since the order, as just indicated, denied a motion to resettle a judgment in its substantive or decretal provisions, the appeal from this order must be dismissed (*Wasylec* v. *Stambler,* 28 A D 2d 699; *Morton* v. *Morton,* 25 A D 2d 659; *Katz* v. *Katz,* 13 A D 2d 529).

The January 23, 1968 order denied the plaintiff's cross motion for a counsel fee and expenses in opposing the defendant's motion to resettle the judgment. The cross motion was denied on the ground that subdivision (b) of section 237 of the Domestic Relations Law does not empower the court to award attorney fees in proceedings for resettlement of a judgment. Subdivision (b) provides in pertinent part that "upon any application to annul or modify an order or judgment for * * * maintenance of a child" the court may award counsel fees to the child's mother for opposing the application. We have hereinabove concluded that the defendant's application was, in effect, an attempt to substantially modify the judgment; consequently it was error to deny an attorney fee as a matter of law. Nevertheless, the afore-mentioned statute provides that the award must be made in the order by which the application is finally determined. At bar, the plaintiff's cross motion for an attorney fee was made within the proceeding for resettlement, but was passed upon by a different Justice at Special Term; and the order denying such fee was made after the order which determined the proceeding. However, it has been recognized that the parties may to a large extent chart their own procedural course in the courts (*Stevenson* v. *News Syndicate Co.,* 302 N. Y. 81, 87); and, under the circumstances herein, we have concluded that the nonadherence to the practice prescribed

by the statute is a mere irregularity which can be disregarded. Hence, in view of the services performed by the plaintiff's attorneys concerning the resettlement application, the January 23, 1968 order should be reversed, on the law and the facts, and the cross motion should be granted to the extent of granting an award of $200 for the plaintiff's counsel fee in question.

CHRIST, Acting P. J., BRENNAN, HOPKINS, BENJAMIN and MUNDER, JJ., concur.

The appeals are disposed of as follows:

1. Judgment dated March 14, 1967 modified, on the law and the facts, by reducing the amounts directed in the fourth, fifth and sixth decretal paragraphs thereof to be paid for weekly support of the children, from $75 to $45 for Sandra, $50 to $40 for Kevin, and $40 to $35 for Robert.

2. Order dated October 25, 1967 modified, on the law and the facts, by inserting in the second decretal paragraph thereof, immediately after the provision directing that a previous decision, and the order based on said decision and entered September 20, 1967, be "adhered to", the following: "except that the amount fixed as arrears in payment of support for the three minor issue of the marriage of the parties for the period from December 1, 1966 to April 12, 1967 is reduced from $3,135 to $2,280"; and judgment dated September 22, 1967 modified, on the law and the facts, by reducing the amount therein accordingly from $3,135 to $2,280.

3. Order dated December 6, 1967 modified, on the law and the facts, by reducing (a) the amount fixed in the second decretal paragraph thereof as arrears in payment for support of the children for the period from April 13, 1967 to October 5, 1967 from $3,965 to $2,795 and (b) the total amount set forth in said paragraph, for said arrears and a $200 allowance for counsel fee and expenses, from $4,165 to $2,995; and judgment dated December 15, 1967 modified, on the law and the facts, by reducing the amount therein accordingly, from $4,165 to $2,995.

4. As so modified, said judgments dated March 14, 1967, September 22, 1967 and December 15, 1967 and said orders dated October 25, 1967 and December 6, 1967 are affirmed.

5. Appeals from orders dated September 20, 1967 and December 1, 1967 dismissed.

6. Order dated January 23, 1968 reversed, on the law and the facts, and plaintiff's cross motion for a counsel fee in opposing defendant David Riemer's motion to resettle the March 14, 1967 judgment granted to the extent that said defendant is

490

directed to pay plaintiff $200 for such counsel fee. Said amount shall be paid within 10 days after entry of the order made hereon.

7. No costs or disbursements are allowed on any of the appeals.