■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID PAUL, Respondent-Appellant, v. LYNN PAUL, Appellant-Respondent.— In a proceeding to determine custody of the two male infant children of the parties (1) the wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County, dated April 5, 1972 and made after a nonjury trial, as granted custody of the children to the petitioner husband, with visitation to the wife, and (2) the petitioner husband cross-appeals from so much of the judgment as awarded $13,500 as counsel fees to the wife. Judgment affirmed insofar as appealed from by the husband, without costs. Judgment reversed insofar as appealed from by the wife, on the law and the facts, and new trial granted as to the issues of custody and visitation, before a Judge other than the one before whom the trial now under review was held, with costs to abide the event. Pending the outcome of the new trial, custody of the children shall remain with the husband, with the wife accorded the following visitation rights:

998

(1) Alternate weekends from Saturday at 10:00 A.M. until Sunday at 5:00 P.M.; (2) Tuesday and Thursday of each week at the home in Great Neck, New York, between the hours of 10:00 A.M. and 12:00 noon; and (3) If the new trial shall not have been concluded by July 1, 1973, then the wife shall have the children for the first two weeks (14 days) of July, 1973 and thereafter for alternate two-week periods through September 1, 1973. In addition, pending the new trial, neither party may remove the children from this State except that the husband may take them to his summer home located at 34 Echo Drive, New Milford, Connecticut, on a transient basis. In our opinion, the record shows that two facts played an inordinate role in the trial court's determination of the custody issue. First was the court's obvious revulsion at the demeanor, character and trial behavior of the wife's paramour. The latter's personal qualities bear little relationship to the wife's capacity as a mother. The second factor was the court's belief that the wife had violated its order that there be no contact between her and her paramour. We believe too much stress was placed on the total cessation of contact between the two. There was no evidence they had *seen* each other after the court's warning. The wife admitted speaking to him once on the telephone, but said it was he who had made the call. There was also testimony by two detectives hired by the husband that the wife and her paramour had been seen speaking on public telephones at different locations at exactly the same time, but the wife denied the implication that they had been talking to each other. The testimony of private detectives is always received with suspicion and caution (see *Kruczek v. Kruczek,* 264 App. Div. 242, affd. 289 N. Y. 826). The point is that we believe these two factors distorted the court's view of the most important factor in any custody case involving small children, viz., the welfare and beneficial interest of the children. Because of the closeness of this case, we find that a new trial is required. Hopkins, Acting P. J., Munder, Martuscello, Christ and Benjamin, JJ., concur.