■      Susan W. Weseley, Respondent, v Martin S. Weseley, Appellant. —In an action, *inter alia,* for divorce, the defendant husband appeals from stated portions of a judgment of the Supreme Court, Kings County, entered March 3, 1977, which, after a nonjury trial, *inter alia,* (1) awarded plaintiff-respondent alimony and child support, (2) declared the parties to be joint owners of certain works of art and provided for the disposition thereof, (3) awarded exclusive possession of the marital residence to the wife and (4) awarded the wife a counsel fee of $25,000. Judgment modified, on the law and the facts, by reducing the counsel fee awarded to $20,000. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The record supports the disposition which Special Term directed of the various works of art. No prejudice to the rights of the husband's corporation was occasioned. We agree with Special Term that the so-called "corporate art" was held by the husband's professional corporation in name only, and that the parties were the actual owners thereof. The court did not commit error in awarding the wife $60,000 per year in alimony. The defendant-appellant, a successful orthopedic surgeon and a member of the afore-mentioned professional corporation, not only earns well in excess of $150,000 per year, but also receives numerous benefits from the corporation which have contributed substantially to the preseparation standard of living and which will enable him to pay the alimony award. Similarly, we hold that Special Term was not in error in ordering the defendant to pay all of the medical and dental expenses, as well as the

tuition, of the parties' two daughters. The record reveals that he made several statements in open court that he would do so. In addition, the court properly awarded exclusive possession of the marital home to the wife until such time as the children either reach the age of 21 years or marry. The testimony shows that such would be in the best interests of all of the parties, especially in the light of the psychiatric problems of the plaintiff and the elder daughter. Moreover, there is no financial exigency which would weigh in favor of selling the house now, as opposed to in a few years hence when the daughters reach the age of 21. Finally, the court's award of $25,000 as a counsel fee was excessive, since a good portion of the trial in this divorce action, and the preparation therefor, involved litigation over title to the works of art. This court has previously held that counsel fees are not recoverable on a nonmatrimonial cause of action (*Lambert v Lambert,* 45 AD2d 715). We recognize that counsel for the wife expended much effort on this case, and did so in a highly professional manner which would otherwise merit the award, but we are nevertheless constrained to reduce the award to $20,000, which represents adequate compensation for services rendered in connection with the strictly matrimonial causes of action. Cohalan, J. P., Damiani and Rabin, JJ., concur; Titone, J., concurs in part and dissents in part and votes to affirm the judgment insofar as it is appealed from, with the following memorandum: I agree with my colleagues in this matter with respect to their affirmance of the awards of alimony and child support, the disposition of the works of art and the award of exclusive possession of the marital residence to the plaintiff wife. However, I cannot agree with their determination that Special Term's award of $25,000 in counsel fees to plaintiff's attorney was excessive because much of the trial involved a purported nonmatrimonial issue, to wit, litigation over title to the works of art. I take this position because courts have uniformly held that property claims of the litigants involved in a matrimonial action should be determined either in that action or in the matrimonial part, rather than in a separate plenary action (*Sloan v Sloan,* 48 AD2d 867; *Ripp v Ripp,* 38 AD2d 65; *Ellis v Shapiro,* 56 Misc 2d 379). Thus, in *Sloan v Sloan (supra,* p 868) this court stated: "The trial court in the exercise of discretion should have made provision for distribution of the assets which are jointly owned by the parties and are presently in plaintiff's possession. Although defendant did not formally request such relief at the trial, it would be a hardship to require the parties to absorb the additional costs of a plenary action concerning that at this time. The trial court did dispose of other property claims in this action and was aware of defendant's claims as to the joint assets. In addition, defendant appears to be having difficulty in meeting the payments required by the judgment under review on his present income, and a division of assets should alleviate this indebtedness to a great extent." The clear and correct thrust of our determination in *Sloan* is that property claims and the division of assets should be litigated in the matrimonial action since they have a bearing on questions pertaining, *inter alia,* to alimony and child support. Yet, in this instance, when it comes to compensating the wife's attorney for litigating a title claim in the matrimonial action, the majority illogically transforms the title claim into a "nonmatrimonial cause of action". Moreover, a reading of section 237 of the Domestic Relations Law, entitled "Counsel fees and expenses", in conjunction with section 234 of the same law, entitled "Title to or occupancy and possession of property", clearly justifies taking into consideration the property claims of the parties in the fixation of the wife's counsel fee. Section 237 provides, *inter alia:* "(a) In any action or proceeding brought * * * for a divorce * * *

the court may direct the husband * * * to pay such sum or sums of money to enable the wife to carry on or defend the action or proceeding as, in the court's discretion, justice requires, *having regard to the circumstances of the case and of the respective parties."* (Emphasis supplied.) Section 234 provides, *inter alia:* "In any action for divorce * * * the court may (1) determine any question as to the title to property arising between the parties, and (2) make such direction, between the parties, concerning the possession of property, as in the court's discretion justice requires *having regard to the circumstances of the case and of the respective parties."* (Emphasis supplied.) It should be observed that in this action the majority considered the  question of exclusive possession of the marital home in arriving at the amount of the fee for plaintiff's counsel, but then ignored his efforts with regard to the title claims. However, as a reading of section 234 reveals, both such issues may (and should) be determined in the matrimonial action by the trial court "having regard to the circumstances of the case and of the respective parties." That section 237 was intended to cover services rendered pursuant to section 234, is evidenced by the Practice Commentary of Professor Siegel (McKinney's Cons Laws of NY, Book 14, Domestic Relations Law [1964 ed], § 237, p 283): "This section is the third of the four essentially new ones that emerged from the transfer of the Civil Practice Act provisions on matrimonial actions to the Domestic Relations Law in conjunction with the CPLR legislation (all of which became effective September 1, 1963). The other three of these new sections are §§ 234, 236 and 240 * * * After the Domestic Relations Law provisions left the Advisory Committee, they passed through the hands of the Joint Legislative Committee on Matrimonial and Family Laws before their submission to the Legislature. It was during their brief tenure with the latter Committee that section 237, and the other three of the four new sections, emerged. "The section is designed, said the Committee, to deal with: 'counsel fees (excepting in enforcement proceedings [which are covered by section 238]) (1) prior to final judgment, and (2) on applications to modify final judgment, and (3) on habeas corpus proceedings affecting children of the marriage.' Leg. Doc. (1962) No. 34, p. 309. At page 310 of that 1962 Report, the Committee cites its general aim, which underlies all four of the new sections (including § 237): 'more flexibility * * * in dealing with these vexations [sic] collateral domestic problems.'" (Emphasis supplied.) In view of the foregoing, I vote to sustain the fixation of the counsel fee of plaintiff in the sum of $25,000.