■   JOSEPH J. CONRAD, Appellant-Respondent, v FLORENCE E. CONRAD,

Respondent-Appellant.—Cross appeals from a judgment of the Supreme Court, entered November 4, 1977 in Ulster County, upon a decision of the court at a Trial Term without a jury, which dismissed plaintiff's complaint, directed plaintiff to pay arrearages in alimony and to pay counsel fees, and directed defendant to bear one half of the expense of plaintiff's visitation. Plaintiff commenced this action to rescind the separation agreement which had been merged into the judgment of divorce between plaintiff and defendant. Plaintiff based his action on what he viewed as a breach of the agreement by defendant, denial of plaintiff's rights of visitation. After a lengthy trial the Trial Judge dismissed the complaint and granted certain other relief demanded in a subsequent motion by defendant. We believe the Trial Judge properly dismissed the complaint. It cannot be denied that the wife's right to receive support payments under a separation agreement may be terminated if she violates the father's visitation rights *(Borax v Borax,* 4 NY2d 113; *Duryea v Bliven,* 122 NY 567; *Feuer v Feuer,* 50 AD2d 772). However, under the circumstances of this case, we do not find that plaintiff's visitation rights have been violated. We base this conclusion on several factors. First, of the five children, three had been emancipated, two of these attending school in Florida, and a fourth exhibited some enmity towards her father. Thus it is only one minor child upon whom this proceeding is focused. Next, there was nothing unreasonable in defendant's decision to move to Florida. She no longer felt comfortable in the same community as plaintiff due to the divorce and plaintiff's remarriage. She also desired to be close to her two children residing in Florida. We also agree with the Trial Judge that there was no evidence that defendant was motivated by spite in making the move. Finally, the evidence demonstrates plaintiff to be a wealthy man, capable of frequent trips to Florida to visit his son. Therefore, defendant has not breached the separation agreement and plaintiff's liability for support continues. Nor can we quarrel with the Trial Judge's award of counsel fees. We believe this action falls within the scope of subdivision (b) of section 237 of the Domestic Relations Law, being, in reality, an action to annul a judgment pertaining to alimony, custody, visitation and support. That section allows the court, in its discretion and as justice requires, to direct the father to pay for the prosecution or defense of the proceeding. Plaintiff's arguments do not persuade us that there has been an abuse of that discretion. As for defendant's claim of inadequacy, we are reluctant to interfere with the Trial Judge's judgment as he was in a better position to assess defendant's attorney's efforts. Finally, defendant claims that the Trial Judge erred in ordering her to pay half of the visitation expenses. We agree. The evidence is overwhelming that plaintiff could well afford frequent visits to Florida and that defendant, on the other hand, was caring for herself and two children (one of whom is brain damaged) on her support payments alone. To have her contribute to visitation costs would effectively reduce her support payments and invite abuse of plaintiff's visitation rights. Plaintiff should be solely responsible for visitation costs. Judgment modified, on the law and the facts, by deleting the eighth decretal paragraph, and, as so modified, affirmed, with costs to respondent-appellant. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.