■ ANGELA RUBIN, Respondent-Appellant, v JOSEPH RUBIN, Appellant-Respondent.—In an action to rescind a separation agreement and for a divorce, the defendant husband appeals from so much of (1) a judgment of the Supreme Court, Suffolk County, entered March 8, 1978, as, after finding one support provision of the separation agreement violative of section 5-311 of the General Obligations Law, (a) found the balance of the separation agreement to be valid and (b) dismissed his counterclaim for restitution, (2) an order of the same court, entered August 25, 1978, as awarded plaintiff a counsel fee of $1,000 to oppose defendant's appeal from the judgment, and (3) a further order of the same court, entered September 28, 1978, as, upon reargument adhered to the original determination with respect to the aforesaid counsel fee. The plaintiff wife cross-appeals from so much of the judgment entered March 8, 1978 as fixed alimony and counsel fees. Appeal from the order entered August 25, 1978 dismissed, as academic, without costs or disbursements. That order was superseded by the order granting reargument. Order entered September 28, 1978 reversed insofar as appealed from, on the law, without costs or disbursements, and plaintiff's motion for a counsel fee to defend the appeal from the judgment is denied. Appeal and cross appeal from the judgment held in abeyance and case remitted to Special Term to hear and report in accordance herewith. Since defendant, on this appeal, attacks only so much of the judgment as found the balance of the separation agreement to be valid and refused to allow restitution, without attacking the judgment of divorce, the instant appeal is not "matrimonial" within the meaning of section 237 of the Domestic Relations Law. There was thus no predicate for the award of counsel fees to plaintiff for the defense of the appeal (see Riemer v Riemer, 31 AD2d 482, 487, affd 31 NY2d 881). Although Special Term found one support provision of the separation agreement to be invalid under section 5-311 of the General Obligations Law, the court found the balance of the agreement to be enforceable against defendant. Whether a separation agreement is entire or severable is gener-

ally a question of intention, to be determined from the language employed by the parties, viewed in light of the circumstances surrounding them at the time they contracted (see *Christian v Christian,* 42 NY2d 63, 73). The instant agreement is silent with respect to severability. Moreover, our review of the record indicates an absence of evidence which might illuminate the question of the parties' intent regarding severability. Accordingly, we must hold the appeal and cross appeal from the judgment in abeyance and remand the matter to Special Term, for a hearing on the question of severability. Titone, J. P., O'Connor, Gulotta and Margett, JJ., concur.