■   MICHAEL OSETEK, Appellant, v BETTIANNE OSETEK, Respondent.—In an action for a divorce on the grounds, *inter alia*, of adultery and cruel and inhuman treatment, in which the defendant wife counterclaimed for a divorce on the grounds of cruel and inhuman treatment and abandonment,

plaintiff appeals from a judgment of the Supreme Court, Orange County, entered June 18, 1979, which, after a nonjury trial, (1) granted a divorce to the defendant on the basis of her counterclaims, (2) directed the plaintiff to pay alimony in the amount of $1,500 per month, (3) set aside a tax sale and repurchase of the marital residence by the plaintiff and directed that the ownership of the property be converted into a tenancy in common, (4) provided for the appointment of a Receiver to sell the marital residence and all other jointly held property and to distribute the proceeds, (5) directed the plaintiff to vacate the marital residence, and (6) awarded a counsel fee to the defendant in the amount of $15,000. Judgment modified, on the law, by (1) deleting all language from the third decretal paragraph following the words "shall become a tenancy in common" and substituting therefor a provision directing the plaintiff to execute and deliver to the defendant a deed granting her a tenancy in common in the former marital residence located on Route 17M in Harriman, New York, and (2) deleting the sixth decretal paragraph in its entirety. As so modified, judgment affirmed, with costs to the defendant, and action remitted to Special Term for further proceedings in accordance herewith. With respect to the causes of action and counterclaims for divorce, the decision of the trial court is supported by the record as a whole. Thus, the court acted within its discretion in disregarding the uncorroborated testimony of the private investigator regarding the defendant's alleged adulterous conduct (see *Moller v Moller,* 115 NY 466; *McLaughlin v McLaughlin,* 53 AD2d 729; *People ex rel. Paul v Paul,* 40 AD2d 997). The remaining evidence in the case amply supported its determination granting the defendant a divorce on the grounds of cruel and inhuman treatment and abandonment (see *Hessen v Hessen,* 33 NY2d 406). Regarding the former marital residence in Harriman, New York, the record indicates that during the pendency of a prior divorce action initiated by the plaintiff husband (which action was ultimately dismissed for lack of jurisdiction), the plaintiff permitted the taxes on this jointly held residence to fall into arrears, thus causing it to be sold at a tax foreclosure sale. Although at the time plaintiff had substantial assets, the defendant was in no position to prevent the sale. At the tax sale plaintiff repurchased the residence in his own name. It is obvious to this court, as it was to the trial court, that plaintiff's actions regarding the aforesaid residence constituted a thinly veiled attempt to strip the defendant of her equity in this jointly held property, and we agree with the Justice presiding that such manipulations cannot be permitted to go unchallenged and thereby allow the plaintiff to reap an inequitable benefit from his own wrongful conduct. Accordingly, although it was error for the trial court to set aside the tax sale (there being no basis in the record for doing so), we conclude that the equities of the situation warrant the imposition of a constructive trust in favor of the defendant and therefore declare that the plaintiff holds a one-half interest in the former marital residence for the benefit of the defendant (see *Simonds v Simonds,* 45 NY2d 233; *Sharp v Kosmalski,* 40 NY2d 119). We therefore direct the plaintiff to execute and deliver a deed transferring the ownership of such property to himself and his former wife as tenants in common. Finally, it was error for the trial court to award the defendant a counsel fee based, in part, upon services rendered on her behalf in connection with the prior divorce action, which action was ultimately dismissed in accordance with section 230 of the Domestic Relations Law for lack of jurisdiction. The application for an award of counsel fees regarding such services should have been made in the prior action (see Domestic Relations Law, § 237) and, upon the failure to do so, counsel is now relegated to a

plenary action to recover for those services (see *Roscini v Roscini*, 45 AD2d 254, 256-257; *Ellis v Shapiro*, 56 Misc 2d 379, 382-383, affd 57 Misc 2d 633; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law, § 237, 1979-1980 Cumulative Ann Pocket Part, p 45). Further, the court, in making the award of a counsel fee, did not distinguish between those services rendered in connection with the matrimonial causes of action and those rendered in connection with the nonmatrimonial causes of action. This court has repeatedly held that counsel fees are not recoverable on a nonmatrimonial cause of action *(Weseley v Weseley,* 58 AD2d 829; *Lambert v Lambert,* 45 AD2d 715). We therefore remit the matter to Special Term to establish an appropriate counsel fee upon such further proceedings as the court may deem necessary. Hopkins, J. P., Lazer, Gibbons and Gulotta, JJ., concur.