■ THOMAS GYORY, Appellant, v SUSAN G. SCHAFFER, Respondent. — In an action, *inter alia,* to reform a separation agreement, in which the defendant wife counterclaimed for payments due under the agreement and the judgment of divorce and for a counsel fee, plaintiff appeals from a judgment of the Supreme Court, Westchester County, dated February 22, 1979, which after a nonjury trial, dismissed the complaint, adjudged that defendant recover of the plaintiff the total sum of $24,803.72, and ordered the plaintiff to pay a counsel fee of $6,500. Judgment affirmed, with costs. The trial court did not err in awarding defendant's trial counsel a fee, *inter alia,* for services rendered in defending the plaintiff's reformation suit. Plaintiff sought, *inter alia,* to reform a clause in the separation agreement obligating him to pay $125,000 to defendant in eight yearly installments notwithstanding the fact of her remarriage, and alleged, as the ground, fraud or mutual mistake. The parties were divorced after separating, and the defendant has since remarried. The instant action, had it been successful, would, perforce, have affected the parties' rights under the judgment of divorce, as the latter specifically provided (1) that the separation agreement was to survive the divorce decree and (2) that plaintiff was obligated to pay to the defendant "the sums as set forth" in said agreement (see *Jaslow v Jaslow,* 75 AD2d 634; see, also, *Conrad v Conrad,* 64 AD2d 751). Accordingly, the award of counsel fees was proper either under subdivision (b) of section 237 of the Domestic Relations Law or the holding in *Friou v Gentes* (11 AD2d 124). The mere fact that the plaintiff might have moved pursuant to section 248 of the Domestic Relations Law to annul so much of the divorce decree as directed the payment of money for the support of the wife does not mandate a contrary result. Firstly, the plaintiff never so moved. In addition, pursuant to subdivision (b) of section 237 of the Domestic Relations Law the court is empowered to award a counsel fee for services rendered in defense of an application pursuant to section 248 of that law. As the instant suit was designed to accomplish the same result, albeit indirectly, Special Term correctly determined that it was authorized to award a counsel fee for the defense of this action. Titone, J.P., Gibbons, Gulotta and Margett, JJ., concur.