■ OLIVE M. WINANT et al., Respondents, v ARNOLD WINANT, Appellant. (Action No. 1.) ARNOLD WINANT, Appellant, v OLIVE M. WINANT, Respondent. (Action No. 2.) — In actions (1) to set aside a separation agreement and thereupon to modify a divorce decree (Action No. 1) and (2) for specific performance of the separation agreement (Action No. 2), Arnold Winant (defendant in Action No. 1 and plaintiff in Action No. 2) appeals from a judgment of the Supreme Court, Nassau County (Oppido, J.), dated September 24, 1980, which, inter alia, (1) annulled stated paragraphs of the separation agreement and in their place decreed an increased weekly alimony and a later final date for exclusive occupancy of the marital residence by Olive Maxine Winant, and (2) awarded a counsel fee to counsel for plaintiffs in Action No. 1. Judgment modified, on the law and the facts, by deleting the first, second, third, fifth and sixth decretal paragraphs thereof and substituting provisions (1) declaring that the contested paragraphs of the separation agreement are in full force and effect so that the provisions in the separation agreement for support of Olive Maxine Winant and as to the termination date of her sole and exclusive occupancy of the marital residence shall apply, and (2) that the application for a counsel fee is denied. As so modified, judgment affirmed, without costs or disbursements. The separation agreement, confirmed in open court by Olive Maxine Winant (hereafter plaintiff), who was represented by counsel, was not unconscionable or manifestly unfair, nor was it a product of fraud, duress or overreaching by appellant. Under the circumstances it was error to alter the agreement's provisions as to the amount of plaintiff's support and the final date of her exclusive possession, on the ground that she had a different understanding as to those items (cf. Christian v Christian, 42 NY2d 63). Further, the award of a counsel fee was error because Action No. 1 was not an action within the purview of sections 237 and 238 of the Domestic Relations Law (see Riemer v Riemer, 31 AD2d 482, affd 31 NY2d 881; Rubin v Rubin, 72 AD2d 810; cf. Fabrikant v Fabrikant, 19 NY2d 154). Appellant's action for

specific performance (Action No. 2, instituted one year after plaintiff's action), which was tried jointly with her own, did not involve any proof other than that contained in her own action. We make no finding as to the proper interpretation of the questioned paragraphs of the separation agreement. We hold only that the trial court erred in annulling them and in making its own findings as to what they should provide. Hopkins, J. P., Titone, Gibbons and Cohalan, JJ., concur.