■ In the Matter of MARGARET C. JOHNSON, Respondent, v KENNETH R. JOHNSON, Appellant. — Appeals from orders of the Family Court of Rensselaer County (Dixon, J.), entered September 10, 1980, March 20, 1981, August 26, 1981 and September 27, 1981, which, *inter alia,* increased respondent's support payments, ordered him to pay petitioner's counsel fees and required him to file an undertaking. Married on May 31, 1974, the parties were separated in December of 1979. Petitioner commenced a divorce action in Supreme Court in March of 1980. She subsequently filed a petition in Family Court for the

---

support of herself and the couple's three minor children. Family Court, by order dated May 9, 1980, directed respondent to make weekly support payments of $225. No appeal was taken from this order. Upon learning that respondent was attempting to sell a business run by a corporation owned entirely by the parties, and that he had threatened to leave the area and discontinue his support payments, petitioner made a motion in Family Court to require that respondent file an undertaking. While that motion was pending, petitioner filed a petition for modification of the prior support order on the basis of a change in circumstances. On September 10, 1980, Family Court increased respondent's weekly support payments to $235 and ordered respondent to deliver to petitioner the automobile formerly driven by her for family purposes. By order entered March 20, 1981, respondent was directed to furnish a bond or undertaking in the amount of $18,000 and pay $650 in counsel fees for petitioner's attorney. Appeals were taken by respondent from both orders. Pursuant to this court's suggestion in denying petitioner's motion for counsel fees on the pending appeal, petitioner filed a petition in Family Court for that relief. Additionally, petitioner sought enforcement of the prior order directing respondent to file an undertaking and pay counsel fees. On August 26, 1981, Family Court ordered respondent to pay the $650 in counsel fees within 10 days and directed him to deliver all of his stock in the couple's corporation to the court. Finally, on September 27, 1981, Family Court ordered respondent to pay $570.60 in counsel fees for the afore-mentioned appeal. These two orders were subsequently appealed and have been argued together with the appeal from the previous two orders of Family Court. Respondent first challenges the jurisdiction of Family Court to act in this matter since there is an action for divorce pending between the parties in Supreme Court. Although no order of referral was made in the divorce action, Family Court properly entertained jurisdiction over the original petition for support since it was alleged that petitioner would be forced to seek public assistance in the absence of support from respondent (Family Ct Act, § 464, subd [b]). Family Court then retained continuing jurisdiction over the modification and enforcement proceedings which ensued (Family Ct Act, § 451). We find no abuse of discretion by Family Court in directing respondent to furnish a bond or undertaking in the sum of $18,000 and in later modifying that order by requiring respondent to deliver his stock in the couple's corporation as security. There is no statutory requirement that a person paying support be in arrears before he can be required to file an undertaking as security for future payments (see Family Ct Act, § 471). Family Court's decision to require an undertaking in this matter was proper on the record before it containing a copy of an agreement to sell the family-owned business and petitioner's sworn allegation that respondent had threatened to leave the area. Moreover, the failure of Family Court to specify a definite period for the undertaking's duration does not make it defective. The statute provides that an undertaking cannot be for more than a three-year period (Family Ct Act, § 471) and, in the absence of any indication to the contrary, it must be presumed that the undertakings required were for the maximum period permitted. Finally, there is nothing in the record which indicates that we should disturb Family Court's orders dealing with the increase in support payments and payment of counsel fees. Adequate showings were made of a change in circumstances and petitioner's financial inability to afford legal representation. Respondent's argument that Family Court improperly awarded petitioner use of the automobile since it was registered in the name of the parties' corporation must be rejected where, as here, it is shown that the corporate ownership was in name only (*Weseley v Weseley,* 58 AD2d 829). Accordingly, the orders of Family Court should all be affirmed.

Orders affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.