■ In the Matter of ELIZABETH B. DRAKE, Appellant-Respondent, v FRANK DRAKE, Respondent-Appellant. — In a proceeding to, *inter alia*, enforce the child support provisions of a judgment of divorce, the parties cross-appeal from stated portions of an order of the Supreme Court, Westchester County (Kelly, J.), dated July 15, 1981, which, *inter alia*, denied the husband's request for counsel fees. Order modified by adding thereto a provision that the husband's application for counsel fees is denied only as to that branch thereof as sought an award of counsel fees on his request for a downward modification of alimony. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith. The petitioner wife commenced this proceeding to, *inter alia*, recover arrears in child support due under a divorce judgment. The husband cross-moved for cancellation of all arrears and a reduction of his alimony obligation. The alimony and child support provisions initially appeared in a separation agreement which was incorporated but not merged into the divorce judgment. Both parties sought reasonable attorney's fees. Special Term granted partial relief to the wife, permitting her to enter judgment for a portion of the arrears she sought. The court also granted partial relief to the husband, canceling a portion of the claimed arrears. His request for downward modification of alimony, however, was denied. As to counsel fees, the court addressed only the husband's application, holding as follows: "The motion for counsel fees is denied. Since an award of counsel fees is allowable on an application to modify an order or a judgment (Domestic Relations Law § 237, sub [b]), and respondent has moved for downward modification of the provisions of a separation agreement, he is clearly not entitled by statute to an award of counsel fees." Since alimony was fixed in a separation agreement which survived the divorce judgment, Special Term correctly construed the husband's application for downward modification as being directed at the provisions of that agreement. Thus, the husband was, in effect, seeking modification of a contractual provision, and therefore could not be awarded counsel fees on his cross motion (see Domestic Relations Law, § 237, subd [b]; see, also, *Donnarumma v Donnarumma*, 72 AD2d 545). However, since the wife sought to enforce child support provisions contained in the divorce judgment, she could be awarded counsel fees. Similarly, the husband could be awarded counsel fees for defending the petition (see Domestic Relations Law, § 238). Both parties applied for such counsel fees, but Special Term failed to rule on their requests. Accordingly, we remit the matter to Special Term for a determination of the respective applications for appropriate counsel fees. Mollen, P. J., Damiani, Thompson and Gulotta, JJ., concur.