■ ELAINE SANDEL, Appellant-Respondent, v MAURICE SANDEL, Respondent — Appellant. — In a matrimonial action, plaintiff appeals (1) as limited by her brief, from so much of a judgment of the Supreme Court, Rockland County (Delaney, J.), entered October 7, 1981, as was against her and in favor of defendant in the sum of $12,648.68 on defendant's counterclaim for conversion and directed her to pay $4,500 toward defendant's counsel fees, and (2) from an order of the same court, entered January 5, 1983, which directed resettlement of the judgment entered October 7, 1981, so as to provide that defendant has an unexpirable option to purchase plaintiff's interest in the marital premises for the agreed upon price, and defendant appeals from an order of the same court (Kelly, J.), entered July 22, 1982, which denied his motion to vacate a prior interlocutory judgment of the same court directing a referee to sell the marital home and divide the proceeds equally between the parties. Judgment entered October 7, 1981, modified, by deleting the eighth decretal paragraph thereof. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Rockland County, for further proceedings in accordance herewith. Order entered January 5, 1983 reversed, on the facts, without costs or disbursements, and, upon defendant's motion to amend the judgment entered October 7, 1981, said judgment is amended to provide that the separation agreement afforded defendant only six months from the date of the parties' separation to exercise his option to purchase plaintiff's interest in the marital premises at the agreed upon price. Order entered July 22, 1982 affirmed, without costs or disbursements. It is apparent that the court, in making the award of a counsel fee, did not distinguish between those services rendered in connection with the matrimonial causes of action and those rendered in connection with the nonmatrimonial causes of action such as the action for conversion. This court has repeatedly held that counsel fees are not recoverable on a nonmatrimonial cause of action (cf. *Osetek v Osetek,* 75 AD2d 867; *Weseley v Weseley,* 58 AD2d 829). We

therefore remit the matter to Special Term to establish an appropriate counsel fee upon such further proceedings as the court may deem necessary. The order entered January 5, 1983, resettling the courts prior judgment entered October 7, 1981, improperly interprets the separation agreement as giving defendant an open-ended option to purchase plaintiff's interest in the marital premises at the agreed upon price. The separation agreement clearly states that defendant had only six months from the date of the separation to exercise this option to purchase. Having apparently concluded that defendant was no longer entitled to purchase her interest for the agreed upon amount, plaintiff, in or about March of 1981, commenced an action for partition of the marital premises and to have the proceeds divided equally between the parties. Upon defendant's default, the court entered an interlocutory judgment on April 15, 1982 directing a sale of said premises and declaring each of the parties entitled to an equal share of the proceeds. In an order entered July 22, 1982, the court properly denied defendant's motion to vacate the judgment entered on default as defendant failed to demonstrate a justifiable excuse for the default and a meritorious defense. Mollen, P. J., Weinstein, Brown and Rubin, JJ., concur.