■ GEORGE E. STEPHENSON, Respondent, v CATHERINE STEPHENSON, Appellant.—Order of the Supreme Court, New York County (Hortense W. Gabel, J.), entered on September 12, 1984, which granted the motion by plaintiff-respondent to

confirm the report of the Special Referee, is unanimously reversed, on the law, the facts and in the exercise of discretion, the motion to confirm denied and the matter remanded for further proceedings, with costs and disbursements.

In April of 1983, plaintiff-respondent commenced an action to rescind and reform a separation agreement which had been executed in 1978 and subsequently incorporated into a judgment of divorce. He alleged in his complaint that the agreement was unfair and unconscionable, that it was the result of fraud and misrepresentation, that he signed it under emotional stress and duress and that it was against public policy. Defendant's subsequent motion for summary judgment dismissing the action was granted, as were her counterclaims for arrears in maintenance payments and for counsel fees. However, the counterclaim for attorney's fees was severed and referred to a Special Referee to hear and report with recommendations. Plaintiff appealed, and this court affirmed Special Term's determination in an order entered on January 24, 1985. (107 AD2d 1095.) Leave to appeal to the Court of Appeals was denied by this court on March 21, 1985 and by the Court of Appeals on May 28, 1985 (66 NY2d 606).

At the hearing before the Referee, defendant's attorney testified as to the number of hours he and one of his associates expended in connection with the instant litigation and their respective hourly billing rate. He also stated that he could not differentiate between the time spent defending the rescission action and enforcing the maintenance provisions of the judgment of divorce because the two were interconnected. The Special Referee thus concluded that since defendant's lawyer had failed to offer proof regarding the services performed on the counterclaim for arrears, no specific recommendation could be made. In an order entered on September 12, 1984, this report was confirmed.

Pursuant to the Domestic Relations Law, the court may, in its discretion, award attorney's fees for the prosecution or defense of an action to annul or modify an order or judgment for alimony (§ 237 [b]) or for the prosecution or defense of an action to compel the payment of money required to be paid by a judgment or order entered in a divorce action (§ 238). In the instant situation, defendant endeavored to defend the validity of the separation agreement, as incorporated into the judgment of divorce, and to enforce its terms. Plaintiff, on the other hand, instead of complying with the maintenance provisions of the agreement, as he was obligated to do, instituted an ultimately unsuccessful rescission action, forcing his ex-

wife into the position of having to seek arrears through a counterclaim. Plaintiff, however, should not be able to avoid the attorney's fees provisions of the Domestic Relations Law merely by employing the strategem of being the first to bring suit. *(Gyory v Schaffer,* 80 AD2d 871.) In *Gyory,* the court cited *Friou v Gentes* (11 AD2d 124, 126), in which it was held that "where the defendant takes affirmative action to change the matrimonial judgment * * * or fails to obey the judgment * * * or otherwise flouts the provisions of the judgment * * * he is liable for the legal services made necessary by his action." (Citations omitted.)

The cases relied upon by plaintiff do not mandate a contrary result. While it is true that a proceeding directed at setting aside a separation agreement is not the sort of matrimonial action wherein counsel fees may be awarded *(Winant v Winant,* 83 AD2d 849, 83 AD2d 850, *affd* 55 NY2d 870; *Rubin v Rubin,* 72 AD2d 810; *Riemer v Riemer,* 31 AD2d 482, *affd* 31 NY2d 881), in all of the foregoing instances it was the party attempting to rescind the separation agreement who was denied counsel fees. This is clearly distinguishable from the matter before us wherein defendant was the one seeking to uphold the agreement and, in that regard, her defense of the rescission action was inextricably entwined with her effort to enforce the maintenance terms of that agreement. As such, she is entitled to receive counsel fees under Domestic Relations Law § 237 (b); § 238. Concur—Sandler, J. P., Carro, Fein, Milonas and Rosenberger, JJ.