■ JOSHUA LEWIN, Appellant, v ELISA CAPLAN, Respondent. BARBARA MILLER, Appellant, v ELISA CAPLAN, Respondent.— Order, Family Court, New York County (Leah Marks, J.), entered on or about September 29, 1988, which granted respondent's application for attorney's fees in the amount of $8,200, unanimously modified, on the law, to remand the matter to the Family Court to determine the amount by which such fees should be reduced by excluding the value of legal services rendered in defense of the *Miller* proceeding seeking grandparental visitation rights and in support of respondent's cross petition for relocation, and the provision for payment of attorney's fees by the grandmother is stricken. As so modified, the order is otherwise affirmed, without costs.

Appellant former husband commenced a proceeding to enforce visitation rights and for a downward modification of support. Appellant paternal grandmother filed a separate petition seeking visitation rights. Respondent ex-wife cross-moved in the first proceeding for enforcement of the maintenance and child support award, for payment of arrears, and for permission to relocate to Florida with the two children of the marriage.

Under Domestic Relations Law §§ 237 and 238, a court, in its discretion, may require either spouse to pay the expenses of the other in bringing or defending any action or proceeding to compel the payment of money required to be paid by a judgment or order entered in a divorce action or in connection with an application to modify custody, visitation or maintenance for a child or for a downward modification of a support or maintenance award. *(Stephenson v Stephenson,* 116 AD2d 504, 505; *see generally,* 48 NY Jur 2d, Domestic Relations, § 1329.)

Accordingly, there was no error in awarding counsel fees for services rendered in defending the former husband's proceeding seeking a downward modification and visitation and the cross petition for child support and maintenance arrears.

However, there is no authority for awarding counsel fees against the grandmother with respect to her petition for visitation rights *(Matter of Koch v Koch,* 99 Misc 2d 124) or against the ex-husband for that aspect of the mother's cross petition seeking permission to relocate with the children to Florida. *(See, Stephenson v Stephenson, supra,* at 505-506.) Concur—Kupferman, J. P., Carro, Asch, Kassal and Smith, JJ.