■ ANDREA ABITBOL, Respondent, v RONI ABITBOL, Appellant.

We discern no abuse of discretion in conditioning the defendant husband's application for a downward modification of alimony on his placing $20,000 into escrow to secure the claim by plaintiff's attorney for counsel fees and agree with the IAS court that defendant's showing of a change in circumstances warranting a reduction in support was insubstantial at best. The burden of adducing facts establishing a substantial change in circumstances was on defendant, and absent such a showing, summary denial of the application would have been proper (see, Mitchell v Mitchell, 170 AD2d 585). It could hardly have been error under these circumstances to afford defendant a hearing only on condition that he post security for the payment of his ex-wife's counsel fees. We observe that defendant enjoys a lavish lifestyle and that he has not argued that the funds were unavailable or that the amount of security would present a hardship to him.

Domestic Relations Law §§ 237 and 238 provide that either spouse, in the discretion of the court, may be required to pay the counsel fees of the other in an action or proceeding pursuant to a judgment of divorce, or related to a downward modification of a support or maintenance award (see, Lewin v Caplan, 159 AD2d 369). The amount awarded in this case appears excessive and possibly punitive in response to defendant's failure to pay alimony. Considering the amount in controversy, the work performed by counsel, and the total

hours billed, we reverse and vacate the award of counsel fees and remand for a hearing to determine the amount by which such fees should be reduced. The escrow amount has a reasonable relationship to the situation. Concur—Carro, J. P., Rosenberger, Ellerin, Kupferman and Ross, JJ.