■ LOUISE BEN-ZVI, Appellant, v ZUCKERMAN, SPAEDER, KOLKER, GOLDSTEIN, & TAYLOR, L. L. P., et al., Respondents. [725 NYS2d 550] —Judgment, Supreme Court, New York County (Barbara Kapnick, J.), entered July 20, 1999, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

We affirm for the reasons stated in *Ben-Zvi v Kronish Lieb Weiner & Hellman* (278 AD2d 167), involving plaintiff's code-fendant in the Federal criminal action underlying the instant action against plaintiff's attorneys therein, and raising issues identical to those raised in the instant action. Concur—Tom, J. P., Andrias, Ellerin, Wallach and Friedman, JJ.

■ LAWRENCE ENTEL, Respondent, v JILL ENTEL, Appellant. [725 NYS2d 549] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered June 21, 2000, which, *inter alia*, granted defendant's motion for an upward modification of the child support provisions of a separation agreement only to the extent of ordering a hearing upon condition that defendant escrow $5,000 with her attorney to secure a possible award of attorneys' fees to plaintiff for such hearing, unanimously affirmed, without costs.

The escrow payment that the motion court directed from defendant as a condition to going forward with her application for an upward modification of child support was a proper exercise of discretion based on the court's "wariness" with "the accuracy and completeness of the statements contained in defendant's affidavits given her previous history of not being completely candid" (*see, Abitbol v Abitbol*, 179 AD2d 595). We have considered and rejected defendant's other arguments. Concur—Tom, J. P., Andrias, Ellerin, Wallach and Friedman, JJ.