■ Hannah Fine, Respondent, v Lawrence Fine, Appellant. [810 NYS2d 211]—

In an action to set aside a stipulation of settlement dated

June 22, 1999, which was incorporated, but not merged, into the parties' judgment of divorce entered July 21, 1999, the defendant appeals from an order of the Supreme Court, Queens County (Lebowitz, J.), dated March 17, 2005, which granted that branch of the plaintiff's motion which was for an award of an attorney's fee to the extent of awarding the plaintiff an attorney's fee in the sum of $5,000.

Ordered that the order is reversed, on the law, with costs, and that branch of the motion which was for an award of an attorney's fee is denied.

On June 22, 1999, the parties entered into a stipulation of settlement of their matrimonial litigation. The stipulation of settlement was incorporated, but not merged, into the judgment of divorce entered July 21, 1999. As the unmerged stipulation of settlement survived as a separate contract (*see Sacks v Sacks*, 220 AD2d 736 [1995]), the plaintiff commenced the instant action to set it aside on the ground that it was fraudulently induced by the defendant's alleged misrepresentation of his income. The complaint sought no relief under the judgment of divorce. The Supreme Court granted that branch of the plaintiff's motion which was for an attorney's fee to the extent of awarding her a fee in the sum of $5,000, pursuant to Domestic Relations Law § 237 (b). The award was in addition to an earlier $3,500 award of an attorney's fee to the plaintiff. The defendant appeals. We reverse.

Domestic Relations Law § 237 (b) permits a court to award an attorney's fee "[u]pon any application to annul or modify an order or judgment for alimony . . . or maintenance." The Supreme Court's reliance upon *Conrad v Conrad* (64 AD2d 751 [1978]), in awarding the fee here, was misplaced, as *Conrad* affirmed an award of an attorney's fee where the parties' separation agreement merged into the judgment of divorce, thereby triggering the discretionary provisions of Domestic Relations Law § 237 (b). Here, relief is sought only as to the parties' stipulation of settlement, which did not merge into the judgment.

A plenary action to vacate a stipulation of settlement on the basis of fraud, is not a matrimonial action (*see Matter of Drake v Drake*, 94 AD2d 768 [1983]; *Donnarumma v Donnarumma*, 72 AD2d 545 [1979]; *Riemer v Riemer*, 31 AD2d 482, 487 [1969], *affd* 31 NY2d 881 [1972]). Accordingly, the Supreme Court erred in awarding the plaintiff an attorney's fee under Domestic Relations Law § 237 (b) (*see Sandel v Sandel*, 96 AD2d 584 [1983]; *Winant v Winant*, 83 AD2d 849 [1981], *affd* 55 NY2d 870 [1982]; *Osetek v Osetek*, 75 AD2d 867, 869 [1980]; *Rubin v Rubin*, 72 AD2d 810 [1979]; *Weseley v Weseley*, 58 AD2d 829, 830 [1977]).

An attorney's fee may be awarded when a party seeks by a plenary action to *enforce* a separation agreement (*see Stephenson v Stephenson*, 116 AD2d 504, 506 [1986]) or provisions of a judgment of divorce (*see Gyory v Schaffer*, 80 AD2d 871 [1981]). However, the plaintiff, by seeking to set aside the parties' stipulation by a plenary action, was not entitled to an attorney's fee under Domestic Relations Law § 237 (b) (*see Winant v Winant, supra*; *Rubin v Rubin, supra*).

The parties' remaining contentions are either without merit or have been rendered academic in light of our determination. Adams, J.P., Ritter, Goldstein, Skelos and Dillon, JJ., concur.