■ LENORA SCHREIBER, Respondent, v. HARRY D. SCHREIBER, Appellant.— In an action to recover arrears in alimony pursuant to the terms of a separation agreement which was incorporated into a decree of divorce, defendant appeals from two orders of the Supreme Court, Nassau County, dated July 1, 1969 and July 9, 1969, which respectively (1) denied his motion to strike the action from the calendar with conditional leave to conduct an examination before trial and (2) granted plaintiff's motion to vacate defendant's notice of examination of plaintiff. Order dated July 1, 1969, affirmed, without costs. No opinion. Order dated July 9, 1969, reversed, on the law and the facts, without costs, and plaintiff's motion denied. The examination of plaintiff as specified in defendant's notice of examination dated June 9, 1969 shall proceed at the place set forth in the notice at such time as shall be fixed in a new written notice of not less than 10 days, to be given by defendant, or at such other time and place as may be mutually agreed upon. In our opinion, defendant has shown that the information which he seeks by way of examination before trial is both material and necessary in his defense of this action. Since this cannot be considered a matrimonial action (CPLR 105, subd. [m]), it was not incumbent upon defendant to show special circumstances (cf. *Frank* v. *Frank,* 267 App. Div. 505). Hopkins, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.