■ DANTE S. ALBERI, Appellant, v MICHAEL VERINI et al., Respondents. —In an action by an attorney to recover for the fair and reasonable value of legal services, he appeals from a judgment of the Supreme Court, Westchester County, entered May 28, 1975, after a nonjury trial, which is in favor of defendants. Judgment affirmed, with one bill of costs jointly to respondents.

Plaintiff, an attorney, brought this action to recover for the reasonable value of legal services rendered on behalf of his former client in a matrimonial action wherein he sought to: set aside a separation agreement between his client and her husband; annul the marriage of the husband to a third party; and obtain a decree of separation. Plaintiff was initially engaged by the wife in 1962 to have support payments increased. He was concededly instructed not to seek a divorce. In addition, the wife, who was of limited means, paid plaintiff $300 for the obtaining of the relief sought. The action culminated in a conference before the court wherein an agreement was reached, but never placed upon the record. Thereafter the oral agreement was reduced to a written stipulation. The husband, without authorization, added thereto provisions which contemplated the granting of a judgment of divorce. In effect the agreement, as so amended, although increasing support payments and other equities, including a $2,500 legal fee, was contingent upon the grant of a judgment of divorce. As that contingency was rejected by the wife, the case fell into limbo and was never resurrected or restored to the calendar for finalization. The relief sought by the wife came to naught; the original separation agreement is in full force and effect. Plaintiff commenced this action in 1971, seeking a fee based upon *quantum meruit,* although prior counsel fee applications were never granted. In passing, we note that no bill for services rendered was ever submitted to either of the defendants. We have previously stated that an attorney who is discharged without cause is entitled to compensation based upon the reasonable value of his services (see *Friou v Gentes,* 11 AD2d 124; *Ryan v Ryan,* 24 AD2d 1010; *Shelbourne Garage v Licht,* 34 AD2d 563). Furthermore, it has been established that an action to set aside a separation agreement is not a matrimonial action wherein the court may authorize counsel fees, although a request for child support is a predicate upon which counsel fees can be awarded *(Riemer v Riemer,* 31 AD2d 482, 487). In the case before us, that which was sought came to naught and the wife's position remained in *status quo ante.* Notwithstanding the court's *in camera* conference with its court attendant, which we find improper, the record before us indicates that the trial was conducted fairly. Accordingly, the judgment should be affirmed. Gulotta, P. J., Martuscello, Latham, Margett and Shapiro, JJ., concur.