■ ROSE A. DONNARUMMA, Respondent, v ANGELO DONNARUMMA, Appellant.—In an action, *inter alia,* for a divorce, defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County, entered March 27, 1979 which, *inter alia,* rescinded the separation agreement of the parties and awarded the plaintiff counsel fees in the sum of $1,500. Judgment modified, on the law, by deleting therefrom the twelfth decretal paragraph thereof, which awarded plaintiff a counsel fee. As so modified, judgment affirmed insofar as appealed from, with costs to the plaintiff and action remanded to Special Term for a hearing with regard to the counsel fee and the entry of an appropriate amended judgment. The trial court properly rescinded the separation agreement of the parties. Its terms were such as to raise a clear inference of overreaching in the execution on the part of defendant husband (see *Christian v Christian,* 42 NY2d 63, 72). Nor can it be said that the trial court acted improperly in restoring plaintiff to her rights in a joint bank account and properties which had been owned by the parties as tenants by the entirety. These rights were surrendered by plaintiff without consideration in the separation agreement. Rescission of the agreement placed her in *status quo ante.* Moreover, defendant failed to meet the burden of proof necessary to overcome the presumption of a gift both as to the bank account and the real property. His proof was not "clear and convincing" so as to rebut the presumption of a gift (see *Matter of Coddington,* 56 AD2d 697). The award of custody of the parties' children to plaintiff was also justified. No showing of unfitness was required despite the children's six-month residence with the father. His custody of the children had been asserted pursuant to the rescinded separation agreement rather than as the result of a freely entered agreement. The custody award by the court was in the best interests of the children given the linguistic and other limitations of defendant and those family members who would assist with child care. However, the award of a counsel fee was improper. The court specifically stated that the fee was awarded for the rescission of the agreement. This is impermissible since fees may only be awarded in a matrimonial action (see Domestic Relations Law, § 237). An action for rescission of a separation agreement is not a matrimonial action *(Alberi v Verini,* 51 AD2d 987, mot for lv to app den 39 NY2d 710). However, there were matrimonial issues involved in this action such as divorce, custody and support. Hence, a remand to the trial court is appropriate to determine what portions of the fee, if any, represent legal services rendered as to the matrimonial issues (cf. *Lamborn v Lamborn,* 56 AD2d 623, mot for lv to app dsmd 42 NY2d 910). Lazer, J. P., Gulotta, Cohalan and Martuscello, JJ., concur.