OPINION OF THE COURT
Arthur D. Spatt, J.
This is a motion by defendant for an order, pursuant to CPLR 5021 (subd [a], par 2) directing the clerk of the court to make an entry of the satisfaction of a certain judgment.
BACKGROUND
Plaintiff (wife) and defendant (husband) married on March 31, 1948 in Piaskowa, Cora, Poland. The parties entered into a separation agreement on February 11,1977, which, inter alia, provided for alimony payments to plaintiff. The parties were divorced on July 14,1977. The aforementioned separation agreement was incorporated into the decree but not merged therein.
Plaintiff commenced the instant plenary action on January 18, 1980 seeking to recover arrears in alimony in the alleged sum of $4,000. Defendant interposed his answer, counterclaim and request for a setoff on or about April 21, 1980. He asserted, inter alia, that plaintiff and the son of the marriage had “converted” certain jewelry, models and molds used in the manufacture of jewelry in defendant’s business.
Plaintiff moved to dismiss the counterclaim on the ground that an action between the same parties involving identical issues was pending in Supreme Court, Queens *651 County, before Justice Joseph J. Kunzeman. By oral decision dated October 22,1980, this court severed defendant’s counterclaim and adjourned it pending receipt of Justice Kunzeman’s decision. On plaintiff’s cause of action, the court awarded to plaintiff a judgment for arrears in the sum of $4,000.
By his decision dated May 29, 1981, Justice Kunzeman awarded defendant’s assignor (his corporation) a judgment against plaintiff in the sum of $125,000 plus interest. This judgment was predicated upon a finding of conversion by plaintiff of the corporate property. The judgment for conversion was offset by defendant’s (now plaintiff herein) services to the business in the sum of $35,000. The total judgment to the corporate assignor, therefore, amounted to $90,000.
By this motion, defendant seeks to offset the amount of $4,000 awarded to plaintiff for alimony arrearages against the judgment rendered in favor of defendant in Queens County.
CONTENTIONS
Plaintiff asserts that CPLR 5205 (subd [d], par 3) precludes her judgment from offset, as this section, she contends, renders awards on marital actions exempt from defendant’s judgment.
Not so, contends defendant. He asserts that an action on a separation agreement is a contract action and not a matrimonial action, making section 5205 (subd [d], par 3) inapplicable.
THE LAW
CPLR 5205 (subd [d], par 3) provides that “payments [made] pursuant to an award in a matrimonial action, for the support of a wife, where the wife is the judgment debtor” are exempt from the application to satisfy a money judgment. (Emphasis supplied.)
CPLR 105 (subd [o]) defines a matrimonial action as one for a separation, an annulment, dissolution of a marriage, a divorce, for a declaration of the nullity of a void marriage, and other related actions. The statute is silent with respect to actions to recover alimony due and owing by *652 virtue of a separation agreement. The official comments to said section note that not all actions involving a marriage constitute a matrimonial action, but “only those listed in this subdivision are.” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C105:4, p 42.)
It has consistently been held that actions on separation agreements are not matrimonial actions. For instance, in Schreiber v Schreiber (34 AD2d 681) it was held that an action to recover arrears in alimony pursuant to a separation agreement incorporated into the divorce decree was not a matrimonial action, and that, therefore, defendant husband need not plead special circumstances to conduct an examination before trial. Moreover, it has been held that the award of counsel fees, as provided by section 237 of the Domestic Relations Law is improper in an action to rescind a separation agreement. In Donnarumma v Donnarumma (72 AD2d 545) the court found that an action to rescind a separation agreement did not constitute a matrimonial action. (See, also, Lamborn v Lamborn, 56 AD2d 623; Alberi v Verini, 51 AD2d 987.)
Thus, a plenary action for enforcement of a separation agreement is a contract and not a matrimonial action. (See Lottridge v Lottridge, 73 Misc 2d 614.) This rule is reiterated at section 706 of volume 16 of New York Jurisprudence (Domestic Relations) as follows: “An action to enforce a separation agreement does not come within the term ‘matrimonial action’ as defined in the Civil Practice Law and Rules [CPLR 105, subd (o)], and such actions are not mentioned in any of the provisions of the Domestic Relations Law which relate to allowances and awards in specific actions or proceedings and the enforcement of judgments or orders entered therein; hence, the court does not have the power to make an order requiring the husband to pay alimony and counsel fees in an action for specific performance of a separation agreement.” (16 NY Jur, Domestic Relations, § 706, p 270; emphasis supplied.)
Although no case law addressing the specific question of whether the enforcement of a separation agreement is a “matrimonial action” for purposes of a CPLR 5205 (subd [d], par 3) exemption has been found, it appears that an *653 action based upon a separation agreement does not qualify as a matrimonial action in any respect.
Accordingly, defendant’s motion for an order directing entry of a satisfaction and to discharge the surety and vacate the bond is granted. However, this order and setoff is stayed for a period of 30 days from the date hereof so as to afford counsel for both parties an opportunity to submit memoranda and/or affidavits as to whether a stay is in effect pending appeal of the judgment entered in Queens County, and if so, what effect such stay should have with regard to this judgment. Further, this court stated in its oral decision of October 22, 1980, that “the judgment in favor of the plaintiff in this case is stayed until the final determination, including appeals, of the Supreme Court, Queens County action”.