OPINION OF THE COURT
Wilmer J. Patlow, J.
In October 1987, subsequent to the commencement of this action for divorce, the parties entered into a separation agreement which provided that the defendant husband make certain payments to the wife for her support and maintenance. The agreement provides for monthly payments in the amount of $1,200, but contains a clause which permits proportionate reduction of that amount in the event of the husband’s unemployment. Pursuant to that clause, defendant husband presently pays the sum of $700 per month. The parties have further agreed that maintenance is to continue through December 1992.
The separation agreement also provides that in the event of a divorce, the agreement shall be incorporated into the divorce decree but shall survive. Default divorce papers have been submitted to this court, but the decree has not yet been signed.
In January 1988, prior counsel for the plaintiff wife obtained a money judgment against her in the sum of $16,680.25 for legal services rendered. Immediately thereafter, for purposes of satisfying this judgment, prior counsel served a restraining notice on defendant husband pursuant to CPLR article 52 to effectuate a garnishment of all the maintenance payments due plaintiff from defendant under the terms of the separation agreement.
This proceeding was instituted by prior counsel to enforce that restraining notice inasmuch as defendant husband has failed to comply with its terms and has continued to make the maintenance payments directly to his wife. Defendant husband asserts that he failed to honor the restraining notice only because he is uncertain as to whether or not maintenance payments are exempt from garnishment pursuant to CPLR 5205 (d) (3).
The court notes it has received copies of correspondence between the prior counsel’s law firm and plaintiff wife seeking to resolve this matter of attorney’s fees, but no settlement of this issue has been reached. Plaintiff wife does indicate to the *1046 court that in order to reduce the debt to her prior counsel she has voluntarily paid him 10% of the maintenance payments she has received.
CPLR 5205 (d) provides in relevant part:
"(d) Income exemptions. The following personal property is exempt from application to the satisfaction of a money judgment, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his dependents * * *
"3. payments pursuant to an award in a matrimonial action, for the support of a wife, where the wife is the judgment debtor, or for the support of a child, where the child is the judgment debtor; where the award was made by a court of the state, determination of the extent to which it is unnecessary shall be made by that court.”
Petitioner contends that the maintenance payments involved here result from the parties’ separation agreement and therefore do not constitute "payments pursuant to an award in a matrimonial action” within the meaning of paragraph (3) above.
In support of this position petitioner cites Korol v Korol (111 Misc 2d 650, 652-653) which held that for purposes of the CPLR 5205 maintenance exemption, "it appears that an action based upon separation agreement does not qualify as a matrimonial action in any respect.”
This court concludes that Korol v Korol (supra) is distinguishable from the case at bar. In Korol, the ex-husband’s maintenance responsibility was predicated upon a judgment for arrears which resulted from the ex-wife’s postdivorce plenary action to enforce the parties’ separation agreement. The court explicitly found that the enforcement action did not constitute a "matrimonial action” as defined in CPLR 105. In the present case, however, the maintenance payments required of the husband result from an agreement entered into during the course of an action for dissolution of the marriage and such action clearly qualifies as a "matrimonial action” within the meaning of CPLR 105 (p).
In this court’s view, a divorce decree incorporating the maintenance provisions of a separation agreement constitutes "an award in a matrimonial action” regardless of the fact that the separation agreement may survive. To find the maintenance exemption of CPLR 5205 (d) (3) inapplicable whenever a divorce decree is based upon a separation agreement or other *1047 stipulated settlement would create such a large exception to the exemption as to substantially interfere with the obvious intention of the statute to extend certain protections to judgment debtors receiving maintenance.
In the instant case the court concludes, with respect to maintenance payments made prior to the divorce decree, that there is no basis for a contempt hearing against the husband for releasing such payments to the wife given the bona fide debate as to the applicability of the statutory exemption.
With respect to maintenance payments made after the divorce decree, signed herewith and incorporating the terms of the separation agreement, the court holds that such payments clearly are made "pursuant to an award in a matrimonial action” and thus fall within the exemption set forth in CPLR 5205 (d) (3).
However, the court’s inquiry does not end here because the statute in question provides that the court may make a determination that a portion of the maintenance is "unnecessary for the reasonable requirements of the judgment debtor and his dependents”.
Although petitioner points out that in 1987 this court awarded a temporary order of maintenance to plaintiff wife in the amount of $100 per week and thus argues that any maintenance received by her over and above such amount is unnecessary for her reasonable requirements, the court has the benefits of certain current financial information, including a budget of monthly expenses, submitted by plaintiff wife for consideration by the court in deciding this application.
Based upon all of the financial information now before it, the court concludes that $600 per month is sufficient for the reasonable requirements of the plaintiff wife. Any excess over the $600 per month figure is deemed "unnecessary” within the meaning of CPLR 5205 (d) (3) and is therefore subject to garnishment by the judgment creditor.