■ INGRID H. RAVEL, Plaintiff, v ROGER C. RAVEL, Respondent, and HOWARD J. POBINER, Appellant. [652 NYS2d 306] —In an action for a divorce and ancillary relief, the plaintiff's counsel appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Westchester County (Rosato, J.), entered January 17, 1995, as granted the defendant's application, in effect, to vacate and set aside an award of $25,000 in counsel fees previously made to him, and (2) from so much of an amended judgment of divorce of the same court, entered February 10, 1995, as deleted that award.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the amended judgment is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judgment (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the amended judgment.

On the record before us, the court properly exercised its discretion in vacating the prior award of counsel fees (see, Domestic Relations Law § 237 [a]; DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881). The circumstances of this case, when taken as a whole, do not support an award of counsel fees to the plaintiff's counsel. The matrimonial portion of the litigation, the only portion for which counsel fees could have been

awarded (*see,* Domestic Relations Law § 237 [a]; *Donnarumma v Donnarumma,* 72 AD2d 545), consumed only the first few minutes of a 23-day trial. The remainder of the litigation resulted from the plaintiff's challenge to the parties' separation agreement, as amended, a challenge which the trial court found was utterly without merit and should not have been brought. These circumstances, combined with the court's factual determination that the plaintiff was indebted to the defendant under the terms of the separation agreement for more than $300,000, amply supported the court's decision that an award of counsel fees would be inappropriate.

We have considered the appellant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, Friedmann and Florio, JJ., concur.