■ ALBERT G. LAMBORN, Appellant-Respondent, v GUILLERMINA V. LAMBORN, Respondent-Appellant.—In a matrimonial action, the parties cross-appeal from a judgment of the Supreme Court, Rockland County, entered July 2, 1975, and corrected by an order of the same court, entered December 22, 1975, which, after a nonjury trial, *inter alia;* (1) granted the plaintiff husband a divorce, (2) adjudged a certain antenuptial agreement to be valid and enforceable, (3) directed the plaintiff to pay defendant a counsel fee in the sum of $30,000, and (4) directed the plaintiff to transfer title, as trustee, to certain trust funds. Judgment modified, on the law, by deleting (1) the twenty-eighth decretal paragraph thereof, which awarded defendant a counsel fee, and (2) so much of the twenty-first decretal paragraph thereof as set the amount of the trusts to be transferred at $7,400. As so modified, judgment, as corrected, affirmed, without costs or disbursements, and action remanded to Special Term for a hearing with regard to the counsel fee and the amount of the trusts in accordance herewith, and for entry of an appropriate amended judgment. The trial court determined, and correctly so, that an antenuptial agreement executed by the parties was valid and enforceable. The net effect of that determination operated to vest substantial assets of the plaintiff husband in the defendant wife and defense counsel expended much legal energy in seeing that defendant was successful with respect to that vital issue. The trial court is empowered, in its discretion, and having regard to the circumstances of the case and of the respective parties, to order the husband to pay the wife's counsel fees "to enable the wife to carry on or defend the action" (see Domestic Relations Law, § 237, subd [a]). However, this statute does not empower the trial court to grant counsel fees to advance the validity of an antenuptial agreement or a counterclaim to enforce it. The counterclaim on the antenuptial agreement constituted an unrelated contract action not within the purview of section 237 of the Domestic Relations Law. Accordingly, the judgment must be modified by deleting the award of counsel fees and the action remanded to Special Term for a hearing to determine what part of the counsel fee awarded, if any, represents legal services exerted to adjudge the antenuptial agreement to be valid and enforceable. In arriving at a determination with reference to the counsel fee properly allocable to the divorce proceeding, the court should take into consideration the provisions of subdivision (a) of section 237 of the Domestic Relations Law. Furthermore, plaintiff is entitled to offset the amount of income taxes he has paid on the trust funds which the judgment orders transferred (see EPTL 11-1.1, subd [b], par [22]). That amount should be determined at the hearing. There was no evidence in the

record to support defendant's contention that plaintiff breached a fiduciary duty with respect to the trusts. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.