■ INGRID H. RAVEL, Appellant-Respondent, v ROGER C. RAVEL, Respondent-Appellant.—Order, Supreme Court, Westchester County (Aldo A. Nastasi, J.), entered on or about September 7, 1989, which, *inter alia,* granted defendant's motion for renewal and, upon renewal, adhered to the court's prior order entered April 24, 1989, which awarded plaintiff $500 per week in pendente lite maintenance, ordered defendant to pay carrying charges on the marital residence and provide insurance, denied plaintiff's motion for appraisal fees, granted the parties mutual orders of protection, directed plaintiff to provide defendant with copies of certain financial records and return certain property, established valuation dates for specific properties and refused plaintiff financial discovery as to matters arising prior to December 31, 1985, but vacated its prior award of $15,000 in counsel fees and $7,500 in accountant fees, unanimously affirmed, without costs. Appeal from the order entered April 24, 1989 dismissed as superseded by the appeal from the subsequent order, without costs.

Order of the same court, entered on or about September 9, 1989, which denied defendant's motion for dismissal or summary judgment on the third, fourth, fifth and sixth causes of action alleged by plaintiff, granted defendant a protective order vacating plaintiff's demand for the production of documents, dated July 6, 1989, and again denied plaintiff's cross motion for the expansion of discovery, unanimously affirmed, without costs.

The parties were married in 1976, the second marriage for each. Defendant is a wealthy man who owns and runs a travel agency. Plaintiff is a licensed real estate broker, who also is involved with the commercial breeding and exhibition of dogs and horses. The marital residence is an estate purchased by defendant and his deceased wife.

In September 1981, the parties signed a separation agreement to resolve their respective financial and property rights. The agreement stated, *inter alia,* that the parties were residing in separately owned residences; that each would retain his or her separate property; that each waived the right to a distributive award; and, that any property acquired after the effective date would be individual property. Plaintiff acknowledged she had no interest in the marital residence and defendant agreed to pay maintenance for five years. The parties further agreed that a reconciliation or resumption of marital relations would not affect the agreement unless documented by a written, executed and acknowledged statement canceling the agreement.

The parties remained in the marital residence, allegedly in separate quarters, until September 1982, when renovations on plaintiff's home were completed. The parties and plaintiff's son also traveled together during 1982. While separated, the parties associated in several business activities. In February 1986, they executed a written modification of the agreement, retroactive to December 31, 1985, attesting to their reconciliation. The modification agreement provided that any property owned by the parties as of its effective date and any proceeds from the sale thereof would remain separate property except for certain specified property.

In 1988, plaintiff commenced this action for divorce and capital distributions, contending the agreements should be declared void. Defendant denied the allegations in the complaint and asserted counterclaims based on the two agreements, and for divorce. Plaintiff thereafter moved for pendente lite relief, including temporary maintenance, based

upon her reasonable needs and the parties' life-style, and for legal and accountant's fees. Defendant opposed and cross-moved to fix valuation dates for various assets.

The court granted plaintiff temporary maintenance of $500 per week, ordered defendant to maintain the marital residence, and awarded plaintiff $15,000 interim counsel fees and $7,500 interim accountant's fees. It also fixed valuation dates for various assets. The parties appealed and also cross-moved for reargument and renewal, defendant contending that plaintiff had concealed certain investment income and liquid assets, including the sale of her separate residence, and plaintiff contending that she had disclosed all financial information and that she is now required to withdraw from her cash reserves.

The court thereafter denied both motions for reargument and plaintiff's motion for renewal but granted defendant's motion for renewal and, upon renewal, adhered to its previous determination regarding temporary maintenance but denied the application for legal and accountant's fees, finding that plaintiff had significant liquid assets and was financially able to prosecute the appeal.

Defendant also moved, in a separate motion, for dismissal or summary judgment with respect to the third, fourth, fifth and sixth causes of action in plaintiff's complaint with respect to the separation agreements and to vacate plaintiff's demand for production of documents. Plaintiff opposed and cross-moved to expand discovery. The court denied the motion on the ground that factual issues existed warranting trial. The court vacated the demand for production of documents as too broad and unduly burdensome and denied the cross motion to expand discovery.

While plaintiff contends the award of temporary maintenance was insufficient, defendant contends no award should have been made because of the existence of the agreements. However, defendant had ceased paying plaintiff support, as set forth in the agreements. Where such payments are not made, the court may provide temporary support (see, Andreini v Andreini, 79 AD2d 928). An award of temporary maintenance is fixed to insure the reasonable needs of the spouse during pendency of the matrimonial litigation (Salerno v Salerno, 142 AD2d 670, 672). Here, the court properly reached an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse (see, Stern v Stern, 106 AD2d 631, 632). This was not a long-term first marriage

with dependent children. Plaintiff herein had a substantial investment portfolio and the proven ability to support herself.

Nor did the court err in failing to award counsel or accountant's fees as such are awarded to enable a financially disabled spouse to prosecute or defend a matrimonial action *(Lubin v Lubin,* 66 AD2d 677). Further, such fees are not awarded where the validity of a separation agreement has not yet been determined *(see, Wandell v Wandell,* 140 AD2d 434).

The court also properly refused to expand disclosure beyond the date set forth in the modification agreement until and unless a determination is made to set aside the separation and modification agreements *(see, Wandell v Wandell, supra).* The court also properly set aside plaintiff's demand for production of documents as overly broad and unduly burdensome in light of the agreements, as many of the documents sought related to matters beyond the areas discoverable under the agreements *(see, Mari v Strater,* 91 AD2d 579).

While the parties included evidentiary affidavits in their pleadings, the court also properly denied the motion for dismissal or summary judgment because of the existence of issues of fact *(see, Guggenheimer v Ginzburg,* 43 NY2d 268, 275). Concur—Kupferman, J. P., Carro, Asch, Smith and Rubin, JJ.