■ VICTOR BRANCOVEANU, Appellant, v MARIANA BRANCO-VEANU, Respondent.—In a matrimonial action in which the parties were divorced by judgment dated April 30, 1987, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Corrado, J.), dated November 20, 1989, as, after a hearing, (1) granted the defendant wife's motion for an award of counsel fees and arrears of child support to the extent awarding her $8,000 in counsel fees and $3,000 in arrears of child support, and (2) granted the defendant's application for an award of counsel fees in the amount of $750 incurred in bringing her motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

A court is empowered to direct a spouse to pay for the prosecution or defense of an application by the other spouse

"as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties" (Domestic Relations Law § 237 [a]). When it is determined that an award is appropriate, a showing of indigence is not required and the court should review not only the financial circumstances of the parties but all other relevant circumstances including the relative merit of the parties' claims (see, DeCabrera v Cabrera-Rosete, 70 NY2d 879). In the case at bar, the $8,000 award to the defendant's counsel for the defense of three appeals from orders of the Supreme Court, Queens County, dated March 14, 1988, August 8, 1988 and December 6, 1988, respectively, and to defend applications for leave to appeal to the Court of Appeals from a decision and order of this court dated December 5, 1988, which determined eight other appeals (see, Brancoveanu v Brancoveanu, 145 AD2d 395, cert denied — US —, 112 S Ct 165), was not an improvident exercise of discretion in light of the fact that the plaintiff's appeals to this court and to the Court of Appeals were specious. Further, the award of $750 in counsel fees incurred for the instant motion was not an improvident exercise of discretion.

We have examined the plaintiff's remaining contentions and find them to be without merit. Kunzeman, J. P., Sullivan, Lawrence and Balletta, JJ., concur.