■ MICHELE SCHAPIRO, Respondent, v JOEL SCHAPIRO, Appellant. [612 NYS2d 6] —Order of the Supreme Court, New York County (David Saxe, J.), entered on May 4, 1993, which, inter alia, granted plaintiff's motion for an award of counsel fees for the defense of an appeal, is unanimously modified, on the law, to the extent of reversing the award of counsel fees, and otherwise affirmed, without costs.

In this matrimonial action, the motion court directed that the defendant husband pay the plaintiff wife's counsel fees with respect to an appeal taken by the husband from an order granting plaintiff leave to file an amended complaint containing a cause of action seeking to rescind or reform the parties'

prenuptial agreement on the ground of fraud. The motion court held that an award of counsel fees could be made pursuant to Domestic Relations Law § 237 with respect to the appeal. We disagree. It is well settled that Domestic Relations Law § 237 does not provide for an award of counsel fees in actions to enforce or rescind prenuptial agreements (see, Lamborn v Lamborn, 56 AD2d 623). We are not persuaded by the motion court's attempt to distinguish Lamborn on the grounds that it was decided before equitable distribution and that its holding is limited to actions to enforce rather than rescind prenuptial agreements. To the extent that the fifth cause of action in the verified amended complaint seeks rescission of the prenuptial agreement, it is a contract action rather than a matrimonial action (see, Ravel v Ravel, 161 AD2d 547, 550; Rubin v Rubin, 119 AD2d 152, 155-156, affd 69 NY2d 702). Concur—Murphy, P. J., Rosenberger, Wallach, Ross and Rubin, JJ.