■ SANDRA M. GALLOUSIS, Appellant, v SPIRO GALLOUSIS, Respondent. [755 NYS2d 659] —In a matrimonial action in which the parties were divorced by judgment dated September 24, 1973, the plaintiff former wife appeals from an order of the

Supreme Court, Kings County (Rigler, J.), dated December 4, 2000, which, after a hearing, denied her cross motion for an upward modification of alimony and for counsel fees.

Ordered that the order is modified, by deleting the provision thereof denying that branch of the cross motion which was for an award of counsel fees, and substituting therefor a provision granting that branch of the motion to the extent of awarding the plaintiff counsel fees reasonably incurred; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing as to the amount of counsel fees reasonably incurred.

The plaintiff failed to demonstrate a substantial change in circumstances sufficient to warrant an upward modification of alimony (see Matter of Hermans v Hermans, 74 NY2d 876, 878 [1989]; Ward v Ward, 79 AD2d 683, 684 [1980]).

However, the Supreme Court improvidently exercised its discretion in refusing to award the plaintiff counsel fees (see Domestic Relations Law § 237; DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881-882 [1987]). The defendant initiated these proceedings with a meritless motion to terminate alimony. The plaintiff was granted a hearing on her motion for an upward modification of alimony based upon the undisputed fact that she is unemployed owing to a disability. The fact that the plaintiff has sufficient assets to pay her counsel does not disqualify her from an award of counsel fees (see Dunnan v Dunnan, 261 AD2d 195, 196 [1999]). Under the circumstances of this case, the plaintiff should be awarded the counsel fees she reasonably incurred. In the absence of a stipulation that an award of counsel fees can be made solely on the basis of the affirmations of counsel, the matter must be remitted to the Supreme Court, Kings County, for a hearing with respect to the amount of counsel fees reasonably incurred (see Nee v Nee, 240 AD2d 478, 479-480 [1997]). Prudenti, P.J., Krausman, Goldstein and Schmidt, JJ., concur.