■ LAURIE JEAN VENTIMIGLIA, Respondent, v BRUCE E. VENTI-MIGLIA, Appellant. [830 NYS2d 210]—

In a matrimonial action in which the parties were divorced by judgment dated December 3, 2001, as amended by an amended judgment dated May 2, 2002, and a second amended judgment entered October 10, 2003, the defendant appeals from an order of the Supreme Court, Nassau County (Diamond, J.), dated February 14, 2006, which granted the plaintiff's motion pursuant to Domestic Relations Law § 237 for an award of post-judgment attorneys' fees and disbursements to the extent of awarding her the sum of $185,000, and denied his cross motion for an award of attorneys' fees in connection with the plaintiff's motion.

Ordered that the order is affirmed, with costs.

In a matrimonial action, any award of attorneys' fees should be based, inter alia, on the relative financial circumstances of the parties, the relative merit of their positions, and the tactics of a party in unnecessarily prolonging the litigation (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Levy v Levy*, 4 AD3d 398, 398-399 [2004]; *Gallousis v Gallousis*, 303 AD2d 363, 364 [2003]; *Krutyansky v Krutyansky*, 289 AD2d 299, 300 [2001]; *cf. Gagstetter v Gagstetter*, 283 AD2d 393, 395 [2001]). These considerations also apply to an award of attorneys' fees for appellate litigation (*see Brancoveanu v Brancoveanu*, 177 AD2d 614, 615 [1991]; *Borakove v Borakove*, 116 AD2d 683, 684 [1986]; *Goldsmith v Goldsmith*, 56 AD2d 834 [1977]), as well as to post-judgment proceedings (*see* Domestic Relations Law § 237 [b], [c]; *Gallousis v Gallousis, supra; Koplow v Koplow*, 260 AD2d 353, 354 [1999]).

Here, when considering the plaintiff's motion for attorneys' fees in connection with the defense of the appeal from the judgment and the amended judgment, the court properly weighed the disparity in the parties' incomes and the merits of the underlying appeal (*see Brancoveanu v Brancoveanu, supra; Borakove v Borakove, supra*). The court correctly found that the

attorneys' fees were incurred to enable the plaintiff to oppose the affirmative defense based on the antenuptial agreement rather than to rescind the antenuptial agreement (*cf. Anonymous v Anonymous*, 258 AD2d 547, 548 [1999]; *Schapiro v Schapiro*, 204 AD2d 87, 88 [1994]; *Donnarumma v Donnarumma*, 72 AD2d 545 [1979]; *Lamborn v Lamborn*, 56 AD2d 623 [1977]).

The defendant's remaining contentions are without merit. Schmidt, J.P., Crane, Santucci and Skelos, JJ., concur.