OPINION OF THE COURT
Vito M. DeStefano, J.
The plaintiff former wife seeks an award of attorneys’ fees and expenses incurred in connection with the defense of two postjudgment motions by the defendant former husband, for, respectively, an order, inter alia, holding the former wife in contempt for failing to provide an accounting of custodial funds, and an order seeking to terminate child support for the parties’ eldest child, B.K. The former wife also seeks attorneys’ fees and expenses relating to her own postjudgment motion for an order, inter alia, holding the former husband in contempt for failing to make required maintenance and child support payments. The former husband, likewise, seeks attorneys’ fees in connection with the parties’ postjudgment motions. Significantly, all post-judgment motions were resolved by stipulation, which was “so ordered.” In that stipulation, the parties agreed to submit the issue of attorneys’ fees to the court for determination, thereby waiving a hearing {see Krutyansky v Krutyansky, 289 AD2d 299 [2d Dept 2001]).
The former wife’s application “on its face” seeks attorneys’ fees and expenses under Domestic Relations Law § 237, without specifying an applicable subdivision. In the body of her supporting papers, the former wife claims entitlement to recovery under subdivision (c) of section 237, and, alternatively, under Domestic Relations Law § 238.
Domestic Relations Law § 237 (c) states that “[i]n any action or proceeding for failure to obey any lawful order compelling payment of support or maintenance, or distributive award the court shall, upon a finding that such failure was willful, order respondent to pay counsel fees to the attorney representing the petitioner.”. Domestic Relations Law § 238 states that
“[i]n any action or proceeding to compel the payment of any sum of money required to be paid by a judgment or order entered in an action for divorce . . . or in any proceeding pursuant to section . . . two hundred forty-five . . . , the court may in its discretion require either party to pay the expenses of the other in bringing, carrying on, or defending such action or proceeding.”
*735 Initially, the court notes that section 237 (c), if applicable to any aspect of the former wife’s attorneys’ fees request, would be to fees arising out of her own motion for contempt and would not apply to the recovery of fees incurred in connection with the former husband’s motion for contempt. Subdivision (c) would likewise not apply to an attorneys’ fee request based on the former wife’s defense of the former husband’s motion to terminate child support for B.K., although, subdivision (b) might. Domestic Relations Law § 237 (b) provides that
“[u]pon any application to annul or modify an order or judgment for alimony or for custody, visitation, or maintenance of a child, made as in section two hundred thirty-six or section two hundred forty provided, or upon any application by writ of habeas corpus or by petition and order to show cause concerning custody, visitation or maintenance of a child, the court may direct a spouse or parent to pay such sum or sums of money for the prosecution or the defense of the application or proceeding by the other spouse or parent as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties.”
As indicated, subdivision (b) could also be relied on by the former husband with respect to his application for attorneys’ fees relating to his request to terminate child support; however, it has no relevance to his motion for contempt. In fact, no statutory section has been cited by the parties which would serve as a basis to award attorneys’ fees for either the making or defense of the former husband’s contempt application. Assuming that some section of the Judiciary Law might authorize an award of attorneys’ fees on a contempt application directed at a party’s failure to perform an act other than one involving the payment of monies under a lawful order, the court concludes that it would not, on the facts presented and as a matter of discretion, award any attorneys’ fees or expenses pertaining to the former husband’s contempt motion or the former wife’s defense thereto.*
Nevertheless, the court grants the former wife’s request for attorneys’ fees and expenses relating to the making of her contempt application and to her defense of the former husband’s *736 application to declare B.K. emancipated. Regarding the former wife’s contempt application, once the moving party demonstrates that a lawful order of the court has not been complied with and that monies ordered to be paid pursuant thereto have not been paid, willfulness is established and the burden shifts to the other party to offer competent, credible evidence of an inability to make the payments as ordered (Domestic Relations Law § 237 [c]; Yeager v Yeager, 38 AD3d 534 [2d Dept 2007]; see also Matter of Powers v Powers, 86 NY2d 63 [1995]). Inasmuch as the former wife demonstrated that the former husband failed to make required maintenance payments under a judgment of the court (wife’s application, exhibit E, at 9), it was incumbent on the former husband to demonstrate an inability to pay or some reasonable excuse for not paying. No such showing was made by the husband. Consequently, attorneys’ fees must be awarded.
Even assuming that willfulness had not been demonstrated, and, thus, that attorneys’ fees would be inappropriate under section 237 (c), the court would award attorneys’ fees (and does award expenses) to the former wife for her contempt motion under section 238. In this regard, the court notes that the husband was twice adjudicated in contempt based on his failure to pay maintenance and child support. Furthermore, it is evident that the former husband, by repeatedly refusing to obey lawful court orders and by engaging in vexatious litigation, is attempting to punish the former wife (see Gallousis v Gallousis, 303 AD2d 363 [2d Dept 2003]). In light of the foregoing, the court awards the former wife reasonable attorneys’ fees and expenses with respect to her contempt application in the amount of $8,000.
For the same reasons, and because of the meritless nature of the former husband’s motion to declare his eldest son emancipated three months before his 21st birthday, the court awards the former wife attorneys’ fees and expenses to defend the motion (Domestic Relations Law § 237 [b]). The court awards the former wife $4,000 in attorneys’ fees and expenses.
The court declines to award attorneys’ fees and expenses for the making of the instant application.
The former husband’s application for attorneys’ fees is denied.

 Judiciary Law § 773 authorizes an award of attorneys’ fees, expenses and imposition of a fine on a successful contempt application, but that statute would not apply here, where the issue was settled by stipulation.