(March 31, 2009)

█ MARK ALBERT, Respondent, v ALLISON ALBERT, Appellant.
[876 NYS2d 442]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Balkin, J.), dated August 22, 2006, which, upon an order of the same court dated May 10, 2005, and a decision of the same court dated May 8, 2006, made after a nonjury trial, inter alia, awarded the plaintiff custody of the parties' two children, awarded the plaintiff the sum of $4,375 as his equitable share of the defendant's business conducted under the name "Dramatic Changes Hair Design Salon," and awarded the plaintiff an attorney's fee in the sum of $181,158 in connection with an interim custody hearing.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiff the sum of $4,375 as his equitable share of the defendant's business conducted under the name "Dramatic Changes Hair Design Salon"; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

The Supreme Court properly awarded the plaintiff sole custody of the parties' two children. In making a custody determination, the paramount consideration is the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89 [1982]). Since the Supreme Court's determination is largely dependent upon an assessment of the credibility of witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Allain v Allain,* 35 AD3d 513, 513-514 [2006]). Here, the Supreme Court's determination to award the plaintiff sole custody of the children has a sound and substantial basis in the record, and we see no basis to disturb it.

In addition, contrary to the defendant's contention, the court providently exercised its discretion in awarding the sum of $181,158 to the plaintiff to reimburse him for attorney's fees he

incurred in connection with an interim hearing on the issue of custody (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *McCully v McCully*, 306 AD2d 329, 329 [2003]; *Brancoveanu v Brancoveanu*, 177 AD2d 614 [1991]).

However, as conceded by the plaintiff, the court erred in awarding him a portion of the value of the defendant's hairstyling business, as it was sold prior to the parties' marriage and was not marital property.

The defendant's remaining contentions are without merit. Spolzino, J.P., Florio, Miller and Eng, JJ., concur.

Motion by the respondent, inter alia, to dismiss an appeal from a judgment of the Supreme Court, Nassau County, dated August 22, 2006, on the ground that the appellant did not provide all of the trial transcripts. By decision and order on motion of this Court dated June 9, 2008, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Spolzino, J.P., Florio, Miller and Eng, JJ., concur.

Motion by the respondent on an appeal from a judgment of the Supreme Court, Nassau County, dated August 22, 2006, to strike the appellant's appendix on the ground that it contains matter dehors the record. By decision and order on motion of this Court dated August 20, 2008, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition and in relation thereto, and upon the argument of the appeal, it is

Ordered that the motion is granted to the extent that pages 67 through 76, 80 through 89, 91 through 120, and 152 through 191 of volume one and pages 86 through 157 and 165 through 185 of volume two are stricken from the appendix, and have not been considered on the appeal; and it is further,

Ordered that the motion is otherwise denied. Spolzino, J.P., Florio, Miller and Eng, JJ., concur.