■ In the Matter of LAMONT MIKELL, Appellant, v JAZMIN G. BERMEJO, Respondent. [31 NYS3d 581]—

Appeals from (1) stated portions of an order of the Supreme Court, Kings County (IDV Part) (Patricia E. Henry, J.), dated August 26, 2014, and (2) stated portions of an order of protection of that court, also dated August 26, 2014. The order, insofar

as appealed from, after a hearing, modified a prior order of custody and visitation to the extent of limiting the father to therapeutic supervised visits only. The order of protection, insofar as appealed from, directed the father, inter alia, to stay away from the mother and the subject child, except during supervised visitation, until and including August 25, 2019.

Ordered that the order and the order of protection are affirmed insofar as appealed from, without costs or disbursements.

In December 2008, the Supreme Court, on the consent of the parties, awarded sole legal and physical custody of the subject child to the mother, and awarded the father, inter alia, biweekly supervised visits with the child. In January 2011, the father commenced this proceeding seeking to modify the visitation provisions of the prior order so as to provide him with unsupervised visits. During the course of the proceeding, the mother filed an order to show cause seeking an order of protection against the father. In an order dated August 26, 2014, the Supreme Court modified the prior order by limiting all future visits between the father and the child to therapeutic supervised visits. On the same date, the court also entered a five-year order of protection against the father and in favor of the mother and the child. The father appeals.

"A noncustodial parent is entitled to meaningful visitation, and denial of that right is so drastic that it must be based on substantial evidence that visitation would be detrimental to the welfare of the child" (*Matter of Lane v Lane*, 68 AD3d 995, 996-997 [2009]). "Supervised visitation is appropriately required only where it is established that unsupervised visitation would be detrimental to the child" (*Matter of Gainza v Gainza*, 24 AD3d 551, 551 [2005]). " 'The determination of whether visitation should be supervised is a matter left to the trial court's sound discretion, and its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record' " (*Matter of Kraft v Orsini*, 136 AD3d 916, 917 [2016], quoting *Irizarry v Irizarry*, 115 AD3d 913, 914-915 [2014]). Here, the Supreme Court's determination that supervised therapeutic visitation was in the best interests of the child has a sound and substantial basis in the record and will not be disturbed (*see Matter of Torres v Ojeda*, 108 AD3d 570, 571 [2013]; *Matter of Kortlang v Kortlang*, 92 AD3d 785 [2012]).

Further, the Supreme Court did not improvidently exercise its discretion in entering an order of protection against the father and in favor of the mother and the child for a period of

five years (*see* Family Ct Act § 656; *Matter of Anderson v Harris*, 73 AD3d 456, 457. [2010]; *Matter of Anson v Anson*, 20 AD3d 603, 604 [2005]).

The father's remaining contention is without merit. Hall, J.P., Cohen, Miller and Barros, JJ., concur.