■ Ami Fuse Liverance, Appellant, v Eric Liverance, Respondent. [47 NYS3d 713]—

Appeal by the plaintiff from an interlocutory judgment of the Supreme Court, Westchester County (Charles D. Wood, J.), dated January 6, 2015. The interlocutory judgment, insofar as appealed from, upon a decision of that court dated July 24, 2014, made after a nonjury trial, directed that the plaintiff's visitation with the parties' child be supervised.

Ordered that the interlocutory judgment is affirmed insofar as appealed from, without costs or disbursements.

Supervised visitation is appropriate only where it is established that unsupervised visitation would be detrimental to the child (*see Matter of Mikell v Bermejo*, 139 AD3d 954 [2016]; *Irizarry v Irizarry*, 115 AD3d 913 [2014]; *Matter of Bullinger v Costa*, 63 AD3d 735, 735-736 [2009]; *Cervera v Bressler*, 50 AD3d 837, 839 [2008]; *Rosenberg v Rosenberg*, 44 AD3d 1022, 1024 [2007]). The determination of whether visitation should

be supervised is a matter left to the trial court's sound discretion, and its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record (*see Matter of Gooler v Gooler*, 107 AD3d 712 [2013]; *Cervera v Bressler*, 50 AD3d at 839). Here, contrary to the plaintiff's contention, the Supreme Court's determination that the plaintiff's unsupervised visitation with the parties' child would be detrimental to the child was supported by a sound and substantial basis in the record and, thus, will not be disturbed. Balkin, J.P., Hall, LaSalle and Barros, JJ., concur.