Rosenstock v Rosenstock (2018 NY Slip Op 04019)





Rosenstock v Rosenstock


2018 NY Slip Op 04019


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-05194
 (Index No. 53717/11)

[*1]Adam Rosenstock, respondent, 
v
Natalya Rosenstock, appellant.


Peter C. Lomtevas, Brooklyn, NY, for appellant.
Adam Rosenstock, Woodcliff Lake, New Jersey, respondent pro se.
Brad M. Nacht, Brooklyn, NY, attorney for the children.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Kings County (Rachel A. Adams, J.), dated March 23, 2017. The judgment, insofar as appealed from, upon a decision of the same court dated November 17, 2016, made after a nonjury trial, awarded the plaintiff custody of the parties' two children, awarded the defendant monthly supervised parental access with the children, and did not award the defendant a share of the plaintiff's enhanced earning capacity.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married in 2009 and have two children. In 2011, the plaintiff commenced this action for a divorce and ancillary relief. During the proceedings, the defendant absconded for approximately 18 months out of the state with the parties' children in violation of court orders (see Rosenstock v Rosenstock, 149 AD3d 887). The children were eventually returned to the Supreme Court's jurisdiction after the defendant attempted to commence a divorce proceeding in New Jersey seeking, inter alia, custody of the children. Thereafter, the Supreme Court awarded temporary custody of the children to the plaintiff and supervised parental access to the defendant. In a judgment of divorce dated March 23, 2017, after the conclusion of a nonjury trial, the court, inter alia, awarded the plaintiff sole custody of the children, awarded the defendant monthly supervised parental access with the children, and did not award the defendant a share of the
plaintiff's enhanced earning capacity. The defendant appeals.
In making an initial custody determination, the paramount consideration is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Stokes v Stokes, 154 AD3d 952, 953). In determining the child's best interests, the court must consider, among other things, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Supangkat v Torres, 101 AD3d 889, 890; see Altieri v Altieri, 156 AD3d 667, 668). Willful interference with the other parent's right to parental access, such as when a parent absconds with the children, is "an act so inconsistent with the best interests of the children as to, per se, raise a strong probability that the [offending party] is unfit [*2]to act as custodial parent" (Entwistle v Entwistle, 61 AD2d 380, 384-385; see Matter of Goodman v Jones, 146 AD3d 884, 885; Matter of Pierre v Dal, 142 AD3d 1021, 1023; Matter of Purse v Crocker, 95 AD3d 1216, 1217).
Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's credibility findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record (see Fenech v Fenech, 141 AD3d 683, 685; Matter of Gooler v Gooler, 107 AD3d 712, 712; Albert v Albert, 60 AD3d 979, 979). Here, the Supreme Court's determination that the children's best interests would be served by awarding sole custody to the plaintiff has a sound and substantial basis in the record and, thus, will not be disturbed.
Although supervised parental access is appropriate only where it is established that unsupervised parental access would be detrimental to the child (see Matter of Murphy v Lewis, 149 AD3d 748, 749-750; Liverance v Liverance, 148 AD3d 695, 695), under the circumstances of this case, we agree with the Supreme Court that unsupervised parental access with the defendant is not in the children's best interests (see Matter of Henry v Tucker, 157 AD3d 892, 893; Liverance v Liverance, 148 AD3d at 696).
The defendant failed to submit evidence as to the value, if any, of the plaintiff's enhanced earning capacity (see Ruo Mei Cai v Lau, 133 AD3d 541, 541). Thus, we agree with the Supreme Court's determination not to award the defendant a share of the plaintiff's enhanced earning capacity.
The defendant's remaining contentions are either not properly before this Court or without merit.
LEVENTHAL, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court