Matter of Demelfi v Fliedner (2019 NY Slip Op 03969)





Matter of Demelfi v Fliedner


2019 NY Slip Op 03969


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-05560
 (Docket Nos. V-0197-17, V-5400-17, O-4740-16/17F, O-0104-17)

[*1]In the Matter of Susan Demelfi, appellant,
v
Cornelius C. Fliedner, respondent. (Proceeding Nos. 1 and 2.)
In the Matter of Cornelius C. Fliedner, respondent,Susan Demelfi, appellant. (Proceeding Nos. 3, 4, and 5)


Susan A. DeNatale, Bayport, NY, for appellant.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the mother appeals from an order of the Family Court, Suffolk County (Caren Loguercio, J.), dated April 17, 2018. The order, after a hearing, found that the mother committed the family offense of harassment in the second degree, granted the father's petition for sole custody of the parties' child, limited the mother to supervised parental access, denied the mother's cross petition for sole custody, and denied the mother's family offense petition.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as found that the mother committed the family offense of harassment in the second degree is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see Family Ct Act § 1112[a]); and it is further,
ORDERED that the order is affirmed, without costs or disbursements.
The parties, who were never married, have one child. They each filed family offense petitions against one another as well as petitions seeking sole custody of their child. After a consolidated hearing, the Family Court found that the mother had committed the family offense of harassment in the second degree against the father, and also granted the father's petition for sole custody of the child. The court limited the mother to supervised parental access with the child, and denied her family offense petition and cross petition for sole custody of the child. The mother appeals.
We agree with the Family Court's finding on the father's family offense petition against the mother. A fair preponderance of the evidence supported the court's conclusion that the mother committed the family offense of harassment in the second degree, as the evidence showed [*2]that the mother engaged in a course of conduct or repeatedly committed acts which alarmed or seriously annoyed the father and that her conduct served no legitimate purpose (see Penal Law § 240.26[3]; Matter of Martinez v Martinez, 170 AD3d 846).
In contrast, the mother's family offense petition was properly denied. Where, as here, "a hearing court was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony' of one party over that of the other, its determination will not be disturbed if it is supported by the record" (Matter of Henderson v Henderson, 137 AD3d 911, 912, quoting Matter of Musheyev v Musheyev, 126 AD3d 800, 801). Here, the Family Court's determination that the mother's testimony, which was contradicted by other evidence, was not credible, was supported by the record.
As to the custody petitions, "the court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of McPherson v McPherson, 139 AD3d 953 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171). The factors to be considered include " the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent'" (Matter of McLennan v Gordon, 122 AD3d 742, 742, quoting Matter of Islam v Lee, 115 AD3d 952, 952-953).
Here, the Family Court's determination that the child's best interests would be served by awarding the father sole custody has a sound and substantial basis in the record, including evidence demonstrating that the father was a more fit parent and that he was willing to foster a relationship between the child and the mother (see Matter of Bowe v Bowe, 124 AD3d 645, 646-647; Matter of Monasterska v Burns, 121 AD3d 903). Moreover, since there was a sound and substantial basis for the court's determination without consideration of a forensic psychologist's report that was admitted into evidence, any error in admitting the report (see Matter of Khan v Dolly, 6 AD3d 437, 439) was not prejudicial (see Matter of Ekstra v Ekstra, 78 AD3d 990, 991; Matter of Taylor v Taylor, 62 AD3d 1015, 1016).
Contrary to the mother's contention, the Family Court's determination that her parental access with the child should be supervised was supported by a sound and substantial basis in the record, and thus, will not be disturbed (see Liverance v Liverance, 148 AD3d 695; Matter of Mikell v Bermejo, 139 AD3d 954, 955).
The mother's contention regarding a temporary order of protection is not properly before the Court on this appeal from the order dated April 17, 2018.
The mother's remaining contention is without merit.
BALKIN, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court