Matter of Gulzar v Gulzar (2019 NY Slip Op 05130)





Matter of Gulzar v Gulzar


2019 NY Slip Op 05130


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-09473
 (Docket Nos. V-02294-08, V-04415-08, V-17009-10)

[*1]In the Matter of Shahzad Gulzar, respondent-appellant,
v
Shandy Gulzar, appellant-respondent.


Hughes Hubbard & Reed LLP, New York, NY (William R. Maguire, John McGoey, Sabrine Tribie, and Nathan Cole of counsel), for appellant-respondent.
Daniel E. Lubetsky, Jamaica, NY, for respondent-appellant.
Ivette M. Zelaya, Jamaica, NY, attorney for the child Lailah.
Janet L. Brown, Jamaica, NY, attorney for the child Junaid.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals, and the mother cross-appeals, from an order of the Family Court, Queens County (Margaret M. Mulrooney, Ct. Atty. Ref.), dated August 24, 2017. The order, insofar as appealed from, after a hearing, in effect, granted the mother's petition for sole custody of the parties' daughter. The order, insofar as cross-appealed from, after the hearing, in effect, denied the mother's petition for sole custody of the parties' son and awarded the father sole custody of the parties' son.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
A hearing, including in camera interviews of both children, commenced on June 4, 2012, and was concluded on October 9, 2015. Both parties requested sole custody of the children. Following the submission of written summations, and after allegations, inter alia, that the mother had hit the son, the Family Court conducted a second in camera interview of the son. In an order dated August 24, 2017, the court, among other things, awarded the father sole custody of the son and awarded the mother sole custody of the daughter. The father appeals, and the mother cross-appeals.
In determining the best interest of the children, the court must consider, among other things, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Supangkat v Torres, 101 AD3d 889, 890; see Matter of Dante v Dante, 170 AD3d 829, 830; Matter of Lintao v Delgado, 168 AD3d 739, 740; Altieri v Altieri, 156 AD3d 667, 668). While the Appellate Division's authority in reviewing a child custody determination is as broad as that of the hearing court, the hearing court's determination should not be disturbed unless it lacks a sound and substantial basis in the record, as such [*2]determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties (see Levitin v Levitin, 167 AD3d 589, 591; Fenech v Fenech, 141 AD3d 683, 685; Matter of Gooler v Gooler, 107 AD3d 712, 712; Albert v Albert, 60 AD3d 979, 979).
Additionally, while courts should be reluctant to separate siblings (see Eschbach v Eschbach, 56 NY2d at 173), there are circumstances in which "the best interests of each child lies with a different parent" (Wurm v Wurm, 87 AD2d 590, 591; see Matter of Delafrange v Delafrange, 24 AD3d 1044; Klat v Klat, 176 AD2d 922, 923-924; Matter of Bilodeau v Bilodeau, 161 AD2d 906, 907). Here, the Family Court's determination that a split custody arrangement was in the children's best interests has a sound and substantial basis in the record and will not be disturbed (see Matter of Lightbody v Lightbody, 42 AD3d 537, 538).
Contrary to the mother's contention, the Family Court providently exercised its discretion in reopening the hearing for the limited purpose of conducting a second in camera interview of the son (see Matter of Jewelisbeth JJ. [Emmanuel KK.], 97 AD3d 887, 889; Matter of Julia BB. [Diana BB.], 42 AD3d 208, 215; see also Matter of Lopez v Reyes, 171 AD3d 1179; E.V. v R.V., 130 AD3d 920, 921).
The parties' remaining contentions are without merit or do not require reversal.
MASTRO, J.P., BALKIN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court