Matter of Viola J. v Baron A. (2026 NY Slip Op 00774)

Matter of Viola J. v Baron A.

2026 NY Slip Op 00774

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2025-00459 
2025-00461
2025-00463
 (Docket No. V-14225-22)

[*1]In the Matter of Viola J. (Anonymous), petitioner-respondent, 
vBaron A. (Anonymous), respondent, Nathaliea M. (Anonymous), appellant, Administration for Children's Services, respondent-respondent.

Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for appellant.
Rebecca Fort, Brooklyn, NY, for petitioner-respondent.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jamison Davies and Chloé K. Moon of counsel), for respondent-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Polixene Petrakopoulos of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Kings County (Ilana Gruebel, J.), dated November 22, 2024, (2) an order of the same court dated December 6, 2024, and (3) an order of the same court also dated December 6, 2024. The order dated November 22, 2024, awarded temporary legal and physical custody of the child to the maternal grandmother. The first order dated December 6, 2024, after a hearing, granted the maternal grandmother's petition for sole legal and physical custody of the child, limited the mother's parental access with the child to supervised parental access, and directed the issuance of a final order of protection in favor of the maternal grandmother and the child and against the mother for a period of two years. The second order dated December 6, 2024, granted the same relief to the maternal grandmother, limited the mother's parental access with the child to supervised parental access, and directed the issuance of a final order of protection in favor of the maternal grandmother and the child and against the mother for a period of two years.
ORDERED that the appeal from the order dated November 22, 2024, is dismissed, without costs or disbursements, as that order was superseded by the orders dated December 6, 2024; and it is further,
ORDERED that the orders dated December 6, 2024, are affirmed, without costs or disbursements.
The petitioner (hereinafter the maternal grandmother) is the maternal grandmother [*2]of a child. In August 2022, while a neglect proceeding pursuant to Family Court Act article 10 was pending against the mother, the maternal grandmother commenced this proceeding pursuant to Family Court Act article 6 for sole legal and physical custody of the child, alleging that the mother was unfit and had persistently neglected the child. The child had been in the care and custody of the maternal grandmother since July 2021after he was placed following an order of removal. In an order dated November 22, 2024, the Family Court awarded temporary legal and physical custody of the child to the maternal grandmother. Thereafter, in an order dated December 6, 2024, after a hearing, the court granted the maternal grandmother's petition for sole legal and physical custody of the child, limited the mother's parental access with the child to supervised parental access, and directed the issuance of a final order of protection in favor of the maternal grandmother and the child and against the mother for a period of two years. In a second order dated December 6, 2024, the court granted the same relief to the maternal grandmother, limited the mother's parental access with the child to supervised parental access, and directed the issuance of a final order of protection in favor of the maternal grandmother and the child and against the mother for a period of two years. The mother appeals.
The Family Court properly determined that the maternal grandmother established the existence of extraordinary circumstances such that the mother relinquished her superior right to custody of the child. In a child custody dispute between a parent and a nonparent, "the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or similar extraordinary circumstances" (Matter of Jamison v Britton, 141 AD3d 522, 524; see Matter of Bennett v Jeffreys, 40 NY2d 543, 546). Here, the evidence established the mother's persistent neglect of the child based, inter alia, on her inability to control her temper, words, and actions in front of the child and her failure to abide by the supervising agency's rules (see Matter of Pierce v Joyner, 240 AD3d 786, 787). Moreover, the maternal grandmother demonstrated that she had amply provided for the child's physical, emotional, and financial needs for an extended period of time (see Matter of Robinson v McNair, 90 AD3d 759, 760).
Contrary to the mother's contention, the Family Court's determination that an award of sole legal and physical custody of the child to the maternal grandmother was in the child's best interests has a sound and substantial basis in the record (see Matter of Madelyn E.P. [Christine L.-B.—Kevin O.], 196 AD3d 489; Matter of Brown v Elfaiz, 191 AD3d 871). The record established that the child had been in the custody of the maternal grandmother for more than two years and the maternal grandmother had proven herself to be a stable influence in the child's life by being the child's primary caregiver and providing for his food, clothing, medical, and dental needs (see Matter of Pierce v Joyner, 240 AD3d at 787). Accordingly, the court properly granted the maternal grandmother's petition for sole legal and physical custody of the child.
The Family Court properly limited the mother's parental access with the child to supervised parental access. Determinations regarding parental access should be based on the best interests of the child under the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167; Matter of Skeete v Hamilton, 78 AD3d 1187). Supervised parental access is appropriate only where it is established that unsupervised parental access would be detrimental to the child (see Liverance v Liverance, 148 AD3d 695, 695; Matter of Mikell v Bermejo, 139 AD3d 954, 955). Here, the record established that the mother had made increasingly threatening statements to both the maternal grandmother and the child. Accordingly, the court's determination that parental access should be supervised is supported by a sound and substantial basis in the record and should not be disturbed (see Matter of Tecza v Alija, 138 AD3d 872; Matter of Bonet v Bonet, 121 AD3d 978, 978). For the same reasons, the court also properly directed the issuance of a final order of protection in favor of the maternal grandmother and the child and against the mother for a period of two years.
The mother's remaining contention is without merit.
DILLON, J.P., DOWLING, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court